COLEMAN & QUILLIAN, et al., plaintiffs in error, vs. WILLIAM FRANKLIN, guardian, defendant in error.

[1.] An equity cause may be re-heard by petition when it does not appear that the decree has been enrolled.

[2.] The *bona fides* of a conveyance made by an intestate to his infant son, may be enquired into in a bill to marshal assets.

[3 ] And it may be enquired into in a county in which the land conveyed does not lie—that county having jurisdiction of the parties.

In Equity. Petition for re-hearing, in Fannin Superior Court. Decision on demurrer, by Judge RICE, at May Term, 1858.

The petition states, that Coleman & Quillian, and others, were made defendants to a bill filed by the administrators of James A. Beard, deceased, for the purpose of marshaling the assets of said estate, the same being represented as insolvent; that said bill further set out the fact, that shortly before the death of the said James A. Beard, he conveyed, without consideration, to his minor son, James H. Beard, a tract of land containing fifty-five acres, being part of lot No. 164, in the 10th district, and 2d section of Gilmer county; that said deed of conveyance bore date 18th August, 1854, and that your petitioners, defendants in said bill, claimed said land as assets belonging to the estate of said deceased, and to be applied to the payment of their debts against the same; and the bill prayed that the defendants (your petitioners) might proceed and have the titles to said land tried and adjudicated.

The petition further states, that a guardian, *ad litem*, was appointed for said minor, James H. Beard, who answered said bill, and admitted that he was informed and believed that said deed of conveyance from James A. Beard to his son, was made shortly before his death, and after the debts of petitioners were contracted.

The petition further states, that at the last Term of the Superior Court of Fannin county, a decree was rendered in said cause, but in consequence and by reason of the absence

of the Solicitor who prepared and drafted the bill, no mention was made or notice taken in said decree of the land aforesaid, no testimony was offered in relation thereto, nor any adjudication or disposition had thereof—the same having been wholly forgotten, and overlooked in forming and making up said decree, the same having been drawn up under the direction of the Court, in reference to ascertaining the dignity of the several claims against said estate, and without a knowledge on the part of the Judge, at the time, that the title to said land was in any manner involved.

The petitioners pray that the said decree be opened, and the cause as to the land be re-heard in reference to the title thereof.

To this petition the guardian, William Franklin, by his counsel, demurred and moved that the same be dismissed on the following grounds:

1st. Because the decree was final, and has become a matter of record, and therefore, cannot be disturbed by a proceeding of this sort.

2d. Because the land being situated in the county of Gilmer, is not the subject matter proper to be disposed of in and by said decree, and said bill being filed to marshal the assets of the estate of *James A. Beard*, deceased, and said land not being part of said estate, was not therefore germain to the bill.

3d. Because all questions respecting titles to land, are to be tried and determined in the county in which the land lies, and said decree should not therefore be impeached for omitting to dispose of said land.

After argument, the Court sustained the demurrer, and dismissed the petition, and counsel for petitioners excepted.

D. A. WALKER, for plaintiffs in error.

W. BOYD, *contra*.

Coleman & Quillian vs. Franklin, guardian.

*By the Court.*—McDonald J. delivering the opinion.

This was a petition, in the Court below, for the re-hearing of a Chancery cause, in which a decree had been rendered. It was a bill to marshal assets. The defendants' petition was demurred to on the three grounds stated above, and the presiding Judge, on hearing argument, refused the petition and dismissed it.

[1.] There is no evidence in the record showing that the decree pronounced in the cause had been enrolled; and if it has not been, there may be a re-hearing by petition.

[2.] The complainants set out in their bill the conveyance, by their intestate to his infant son, of the land therein mentioned, and ask a decree in respect to it, as it was claimed by some of the creditors that it should be sold as assets. No decree was passed upon it, for reasons assigned in the petition. There can be no objection to investigating the *bona fides* of the conveyance, as the complainants have asked in their bill, in this proceeding.

[3.] There is no constitutional impediment to the trial of the question involved in the issue proposed in the petition for the re-hearing of the bill, in the county in which the bill was pending, not being the county in which the land lies, that Court having jurisdiction of the parties. It is not the kind of case which the Constitution requires shall be tried in the county in which the land lies.

Judgment reversed.