PHILOMENE LAMAGDELAINE *vs.* JOSEPH TREMBLAY, JR.

Hampden.    September 26, 1894. — November 27, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Poor Debtor — Charges of Fraud — Motion in Arrest of Judgment — Motion to dismiss — Qualification of Magistrate — Exceptions — Evidence.*

Whether charges of fraud filed by a judgment creditor, under Pub. Sts. c. 162, § 17, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, are sufficiently formal and precise, cannot, under c. 214, § 27, be brought to this court by a motion in arrest of judgment after a verdict of guilty of the charges.

A motion to dismiss an action, in which charges of fraud were filed by a judgment creditor, under Pub. Sts. c. 162, § 17, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, because of defects in the charges, was made at a certain sitting of the court, and related to the charges as they then stood. Amended charges and specifications properly sworn to, and the sufficiency of which was not questioned by the motion to dismiss, were made several months later, and the trial at which the debtor was convicted and sentenced was upon the amended charges and specifications. *Held,* that the motion to dismiss was rightly overruled; and that the question of the sufficiency of the amended charges and specifications was not strictly brought before this court by an appeal from the order overruling the motion.

If one of several charges of fraud filed by a judgment creditor, under Pub. Sts. c. 162, § 17, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, is well pleaded, a motion to dismiss the action because of defects in the charges cannot be sustained.

A person in the employ of the attorney of record of a judgment creditor, who files charges of fraud, under Pub. Sts. c. 162, § 17, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, is not disqualified by interest to act as a magistrate in taking the creditor's oath to the charges.

An exception, taken at the trial of charges of fraud filed by a judgment creditor, under Pub. Sts. c. 162, § 17, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, to the admission of evidence which related solely to a charge of which the debtor was found not guilty, becomes immaterial.

Evidence of good reputation is not competent to show that one is not guilty of a dishonorable or unlawful act which is not punishable as a crime.

CHARGES OF FRAUD, filed by a judgment creditor, under Pub. Sts. c. 162, against his debtor, upon the latter's application to take the oath for the relief of poor debtors. The charges, which were four in number, were those specified in the second, third, fourth, and fifth clauses of § 17. The Police Court of

Holyoke found the debtor guilty of the fourth charge, which was that he contracted the debt with an intention not to pay the same, and sentenced him accordingly. From this judgment and sentence the debtor appealed to the Superior Court. At the trial in that court, before *Maynard*, J., the jury returned a verdict of guilty of the first and third charges, and not guilty of the fourth charge, the second charge having been stricken out; and the debtor alleged exceptions. He also filed motions to dismiss the action and in arrest of judgment, both of which were overruled; and he appealed to this court. The questions raised by the appeals and by the exceptions sufficiently appear in the opinion.

*M. F. Druce*, for the debtor.

*W. Hamilton*, (*W. H. Brooks* with him,) for the creditor.

BARKER, J. 1. The debtor's motion in arrest of judgment was rightly overruled, because it was for causes existing before the verdict, and which did not affect the jurisdiction of the court. *Chamberlain* v. *Hoogs*, 1 Gray, 172, relied upon by the debtor to show that Pub. Sts. c. 167, § 82, do not apply to actions like the present, was decided in the year 1854; but by St. 1864, c. 250, § 3, the provisions of which are continued in force by Pub. Sts. c. 214, § 27, the same restriction was extended to motions in arrest of judgment rendered in prosecutions for crime. Whether charges of fraud, in actions like the present, are sufficiently formal and precise, cannot now be brought to this court by a motion in arrest of judgment.

2. The debtor takes nothing by his appeal from the order overruling his motion to dismiss the action. That motion was filed at the October sitting in the year 1893, and related to the charges as they then stood. But amended charges and specifications properly sworn to, and the sufficiency of which was not questioned by his motion to dismiss the action, were made in the following May, and the trial at which he was convicted and sentenced was upon the amended charges and specifications. The motion to dismiss the action because of defects in the original charges was therefore rightly overruled, and the question of the sufficiency of the amended charges and specifications is not strictly brought before us by the appeal.

3. But besides this the motion to dismiss must in any event

have been overruled, because the fourth charge, that the debtor contracted the debt with an intention not to pay the same, was well pleaded, and that being so the action could not be dismissed upon the motion.

4. The first exception stated in the bill is to the ruling that the magistrate before whom the charges of fraud on which the debtor was tried in the police court were sworn to was not precluded from acting as a magistrate. It appeared that he was a person in the employment of the attorney of record of the creditor. But the administration of the oath was a purely ministerial function, involving no judicial action, and the interest of the magistrate did not disqualify him.

5. The second, third, fourth, fifth, and sixth exceptions stated in the bill were to the admission of evidence which related solely to a charge of which the debtor was found not guilty, and are by that finding made immaterial.

6. The seventh exception was to the admission in evidence of three executions which had been issued on the judgment before the execution on which the debtor was arrested, and this exception was not argued, and we treat it as waived.

7. The remaining exception is to the exclusion of evidence offered by the debtor as to his reputation. If we assume in his favor, what is not stated in the bill of exceptions, that the evidence rejected would tend to prove that he was in good repute for veracity and fair dealing and general character, still the charges upon which he was convicted were not of acts punishable as crimes, and it has been recently held by this court, that on principle as well as authority evidence of good reputation is not competent to show that one is not guilty of a dishonorable or unlawful act which is not punishable as a crime. *Howland* v. *Blake Manuf. Co.* 156 Mass. 543, 569.

> *Order overruling motion to dismiss affirmed.*
> *Order overruling motion in arrest of judgment affirmed.*
> *Exceptions overruled.*