EMILY C. PECK *et al.*

*v.*

THE PEOPLE *ex rel.* Charles Kern, Collector.

*Filed at Ottawa November 27, 1894.*

SPECIAL ASSESSMENTS—*one commissioner may administer oath to a fellow commissioner.* A commissioner appointed to make a special assessment, being a notary public, is not disqualified to take the affidavit of his fellow commissioner to the mailing of notices to property owners, provided for in section 28, article 9, of the City and Village act.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. GEORGE W. CASS, and Mr. CHARLES T. MASON, for the appellants:

An affidavit cannot be taken before an attorney in the cause. *Taylor* v. *Hatch*, 12 Johns. 340; *Tootle* v. *Smith*, 34 Kan. 27; Tidd's Practice, 494.

The execution of an instrument in writing, when required by law, should be made before an officer wholly disinterested. *Hammers* v. *Dole*, 61 Ill. 307; *Darst* v. *Gale*, 83 id. 136; *West* v. *Krebaum*, 88 id. 283.

Appellants were not estopped from raising the objection to the affidavit upon the application for judgment by the county collector, if the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act in giving judgment. *Schertz* v. *People*, 105 Ill. 27; *Evans* v. *People*, 139 id. 552; *McChesney* v. *People*, 148 id. 221; *Kimler* v. *People*, 106 id. 531.

In a proceeding for the collection of taxes, where the owner may be deprived of his property, the rule is that the statute is to be strictly construed. *Barton* v. *Chicago*, 53 Ill. 87; *Scammon* v. *Chicago*, 40 id. 146.

Mr. HARRY N. CULVER, for the appellee :

The cases cited by appellants regarding the nullity of an affidavit made before an attorney in the cause are not applicable in this State, (*Linck* v. *Litchfield*, 141 Ill. 478, and cases cited,) or in many other States. *Griffin* v. *Borst*, 4 Wend. 195; *Adams* v. *Mills*, 3 How. 219; *Revis* v. *Cowell*, 56 Cal. 588; *Young* v. *Young*, 18 Minn. 90; *Dawes* v. *Glasgow*, 1 Burr. 8.

Then, if there was any irregularity in administering the oaths it cannot be considered a nullity. *Linck* v. *Litchfield*, *supra; Gilmore* v. *Hempstead*, 4 How. Pr. 153.

If there was any irregularity, the other party should at once move to set aside the proceeding for irregularity, and the failure of the opposite party to take advantage of it in apt time will operate as a waiver of such irregularity. *Linck* v. *Litchfield*, 141 Ill. 378; *Schertz* v. *People*, 105 id. 27.

The land owner, when notified by the commissioners, as provided by statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive against him. *McChesney* v. *People*, 148 Ill. 221.

All objections which might have been made at the time of the confirmation of the assessment roll, and which were not then urged, are waived, and can not be urged for the first time on application for an order for sale of lands for a delinquent assessment. *Blake* v. *People*, 109 Ill. 504.

All such matters, after the judgment of confirmation, become *res judicata*. *Railway Co.* v. *People*, 120 Ill. 104, and cases cited.

Upon application for judgment upon a special assessment all matters preceding the application are *res judicata*. *Lehmer* v. *People*, 80 Ill. 601.

A judgment confirming special assessments is conclusive on the land owner as to all objections and defenses that might have been interposed. *People* v. *Brislin*, 80 Ill. 427; *Blake* v. *People*, 109 id. 504; *Schertz* v. *People*, 105 id. 27.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an appeal from a judgment of the county court of Cook county, against certain delinquent lands of the appellants, for an unpaid assessment levied by the village of Glencoe for the construction of a sidewalk on one of the avenues of the village. It appears that a judgment confirming the assessment had been rendered by default, and the contention now is, that the judgment of confirmation is void for want of jurisdiction in the court rendering it. The only ground upon which the jurisdiction of the court is assailed is, that the affidavit of the mailing of notices to the owners of the property assessed, required by section 28, of article 9, of the City and Village act, was sworn to by one of the commissioners who made the assessment, and that the oath was administered to him by one of the other commissioners, who was also a notary public.

We are referred to no authority holding that the administration of the oath by one of the commissioners was improper, and we think none can be found which goes to

the extent of holding that the impropriety, if it be one, can have the effect of rendering the affidavit void, and therefore insufficient to give the court jurisdiction of the persons of the property owners. The cases to which we are referred by counsel are those which discountenance the practice by attorneys, in legal proceedings, of administering oaths and taking affidavits to be used in behalf of their clients in such proceedings. But while that practice has been generally condemned by the courts, it is held that affidavits of that character cannot be treated as nullities, and that if no steps are taken in apt time to set the proceeding aside, the irregularity will be deemed to be waived. (*Linck* v. *City of Litchfield*, 141 Ill. 469, and authorities there cited.) It follows, that even if the rule applicable to attorneys is to be applied here, the affidavit is not void and cannot be treated as a nullity. No attempt has been made to set the judgment of confirmation aside, and the irregularity, if it was one, has been waived.

But we are not inclined to hold that there was any irregularity on the part of the commissioner in taking the affidavit. The ground of objection to the administration of oaths and the taking of affidavits by attorneys to be used in legal proceedings in which they are professionally engaged, seems to be, that they are interested in such proceedings and presumably biased in favor of the clients whom they represent. The propriety of the rule that oaths and affidavits should be taken before officers who are disinterested and unbiased is too manifest to require discussion. But we are not prepared to hold that, under this rule, a commissioner appointed by the county court to make an assessment for a local improvement, and who happens at the same time to be a notary public, is disqualified, so that he cannot properly take an affidavit of a fellow commissioner to be filed and used in the proceeding. A commissioner is, or should be, disinterested, and his duties are *quasi* judicial in their

character.   He has, or should have, no interest in the proceeding, and there is nothing in his position or duties which should have any tendency to bias him in favor of or against any party in interest.   The reasons which render it improper for an attorney to take an affidavit to be used in a legal proceeding in which he is professionally engaged would seem to be absent here, and none of the authorities cited by counsel for the appellants therefore would seem to apply.   The ground upon which the appellants seek a reversal of the judgment in this case is, in our opinion, wholly untenable, and the judgment will accordingly be affirmed.

*Judgment affirmed.*