Alfred B. McChesney

*v.*

The City of Chicago.

*Filed at Ottawa January 20, 1896.*

1. Constitutional law—*with what particularity the subject of a statute must be expressed in its title.* The constitutional requirement that the subject of a statute must be expressed in its title, (Const. 1870, art. 4, sec. 13,) is satisfied where the one general object of the law is fairly indicated by the title of the act.

2. Same—*act of 1893, on special assessments, is valid.* The act approved June 17, 1893, concerning special assessments, (Laws of 1893, p. 78.) is not obnoxious to section 13, article 4, of the constitution, in failing to have expressed in its title the provision that deferred installments of assessments may bear interest.

3. Special assessments—*certificate of clerk to passage of ordinance is prima facie evidence.* The certificate of the city clerk, under his official seal, is *prima facie* evidence of the passage of the ordinance for a special assessment.

4. Same—*who may administer oath to commissioners.* A notary who is superintendent of the assessment department of a city is not disqualified to administer the oath to special assessment commissioners.

5. Bills of exception—*effect of signing by judge not named in the placita.* The fact that a county judge other than the one recited in the *placita* to be "the sole presiding judge of the county court," signs the bill of exceptions in a special assessment proceeding, while a ground on which such bill might be stricken from the files on motion, is not cause for reversal on appeal.

Appeal from the County Court of Cook county; the Hon. Richard Yates, Judge, presiding.

F. W. Becker, for appellant.

E. S. Metcalf, for appellee.

Mr. Chief Justice Craig delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment levied to pay the cost of improving Rhodes avenue, from Sixty-third street to South Chicago avenue, under an act entitled "An act to authorize the division of special assessments in cities, towns and villages into installments, and authorizing the issue of bonds to anticipate the collection of the deferred installments," approved June 17, 1893.

It is first contended by counsel for appellant that the act of 1893, so far as it relates to interest, is unconstitutional. The act provides that the assessment may be divided into installments, and the corporate authorities may issue bonds, payable out of said installments, bearing interest. It is said the interest feature is not embraced in the title of the act, and contravenes section 13, article 4, of the constitution. That part of the section bearing on the question declares: "No act hereafter passed shall

embrace more than one subject, and that shall be expressed in the title." In *Fuller* v. *People*, 92 Ill. 182, in considering this clause of the constitution, we held that the general purpose of the constitutional provision that no act shall embrace more than one subject, which must be expressed in the title, is accomplished when a law has but one general object, which is fairly indicated by its title.   The law here involved had but one general object, and that was to authorize the division of special assessments into installments, and conferring authority to issue bonds to anticipate the collection of the deferred installments, and this was embraced in the title of the act.   The question of interest in the installments or bonds was a mere incident, and the fact that it was omitted from the title of the act did not impair its validity.   In framing a bill it is next to impossible to incorporate in the title the various details of the law, and the fact that they may be omitted from the title does not render the act unconstitutional.

It is said the ordinance is oppressive, unreasonable and uncertain.   After a careful examination of the ordinance, so far as we are able to determine it is not liable to any of these objections.

It is also claimed that no ordinance was proven or recited in the petition.   What purported to be an ordinance providing for the improvement was set out in the petition.   The certificate to this ordinance, dated March 15, 1895, did not show that the document was a certified copy of an ordinance passed by the city council, but the record contains another certificate attached to the ordinance by the city clerk, under his official seal, on July 16, 1895, which shows that the document is a true and correct copy of an ordinance passed by the city council on the 11th day of February, 1895, and deposited in the office of the clerk on the same day.   This was put in evidence on the hearing, and under the rule laid down in *Lindsay* v. *City*

159—15

*of Chicago,* 115 Ill. 120, it was sufficient *prima facie* evidence of the passage of an ordinance.

It is also contended that the commissioners who made the assessment were not properly sworn, because the oath was administered by the superintendent of the special assessment department of the city. It seems this officer was a notary public, and as such he administered the oath to the commissioners, as he clearly had the right to do. The fact that the notary before whom the commissioners were sworn held the position of superintendent of the assessment department did not prevent him from administering an oath, as notary public, to any person. *Peck* v. *People,* 153 Ill. 454.

The next error complained of is, that the *placita* shows that Orrin N. Carter was the sole presiding judge of the county court, while this cause was tried before, and the bill of exceptions signed by, "Richard Yates, county judge." Upon an examination of the record it will be found that the *placita* shows Orrin N. Carter was the sole presiding judge of the county court of Cook county, and the record further discloses the fact that the proceedings in this case were had before him. It nowhere appears, in the bill of exceptions or elsewhere, that a hearing was had before Richard Yates. His name nowhere appears in the record, except his signature is attached to the bill of exceptions. The fact that "Richard Yates, county judge," signed the bill of exceptions, might have been sufficient ground for striking the bill of exceptions from the record had a motion been entered for that purpose, but his signature to the bill of exceptions discloses no error of which the appellant can complain.

The judgment of the county court will be affirmed.

*Judgment affirmed.*