## DAVIS *v.* BRAY.

"A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Civil Code, §5365. And it necessarily follows that where a judge of a city court is empowered, in the absence of a demand for a trial by jury, to try a case upon all issues of law and fact involved, a judgment rendered by him without the intervention of a jury is to be regarded as having all the force and effect of a verdict, in so far as amendable defects in the pleadings are concerned.

Argued November 18,— Decided December 12, 1903.

Motion to arrest judgment. Before Judge Reece. City court of Floyd county. February 23, 1903.

*M. B. Eubanks*, for plaintiff in error.
*Lipscomb & Willingham*, contra.

Turner, J.　Lizzie M. Bray instituted in the city court of Floyd county a suit against Seab P. Davis, alleging that the defendant was indebted to her in the sum of $750, besides interest, etc.　She further alleged that this indebtedness was due upon a certain promissory note assigned to her by the Security Investment Company, to the order of which Investment Company it was originally payable, which note was dated the 1st day of September, 1900, with interest at the rate of six per cent. per annum, payable semiannually, as per interest notes attached.　It was further averred that the principal amount of the note became payable, by the terms of the note, on or before September 1st, 1905; but the same paragraph of the petition claimed that " said indebtedness is also due for the taxes which said Davis suffered to become delinquent, now represented by fi. fas."　A statement of the amount of these taxes was also set forth, and petitioner alleged that she had taken up these fi. fas.　A copy of the note was attached as a part of the petition and of the cause of action.　In a subsequent paragraph of the petition the plaintiff averred, that, " by the terms of the said principal note, time was of the essence of the contract, it being stipulated that in the case of any default in the payment of taxes assessed against said property before same became delinquent, then the said principal debt, in the discretion of the holder, should become due and payable at the date of such default, regardless of the date of maturity."　The plaintiff further showed in her petition that the defendant had broken said contract in this : that the taxes as set forth in a preceding paragraph were not paid, " by reason whereof the principal debt became due and payable under the contract, and the said Davis became liable to pay your petitioner the aforesaid sums of money, according to the tenor and effect of said notes."　It is also to be noted that in another paragraph of the petition the plaintiff alleged, that, " to secure the payment of said note, said Seab P. Davis, at the time of making the same, also made and delivered to said The Security Investment Company and assigns a deed to " certain lands described, " which deed was made in conformity to section 1969 of the 1882 Code of Georgia (2771 of the 1895 Code of Georgia)."　The note referred to in the petition was made an exhibit, but the deed just recited was not made an exhibit.

At the December term of the court, the following judgment

was entered up: "There being no issuable defense filed on oath in this case, judgment is rendered by the court for plaintiff Lizzie M. Bray against deft. Seab P. Davis, for seven hundred and fifty dollars principal and eleven and 55/100 dollars interest to date, and future interest at the rate of six per cent. per annum; and the further sum of $9.50 dollars cost." At the same term of the court the defendant filed a motion to arrest the judgment, upon the following grounds (in addition to one which was on the argument before this court abandoned by his counsel): (1) "Because it appears that said petition does not set out any cause of action against defendant, upon which a legal judgment could be predicated against defendant, it appearing that said suit was brought upon a note before the same became due, and no conditions being shown that would authorize suit on the note before due." (2) "Because it appears from inspection of the note sued on that there is no condition in said note making the same fall due on default as to taxes; and failure to pay interest not being alleged, no right of action exists in favor of plaintiff until said note became due, to wit, September 1st, 1905. And construing plaintiff's petition as a whole, and admitting everything that appears as true in the record, plaintiff had no right of action on the note sued on at the time of bringing of said suit." (3) "Because said suit being brought upon said note long before the same became due, and plaintiff relying on conditions not contained in the note sued on, and relying upon conditions varying the terms of the note sued on, and plaintiff further suing for $67.71 and interest not embraced in said note, said suit was not a suit on an unconditional contract in writing within the meaning of the law, and no judgment could be legally rendered by the court without first having the verdict of a jury." On hearing the motion in arrest of judgment, it was overruled by the city court, and the defendant excepted. The bill of exceptions specifies, as material to a clear understanding of the errors complained of, the original suit, petition, and process against the defendant, with the exhibits thereto, the entries thereon, and the judgment of the court entered thereon; also, the two tax fi. fas. and the deed made by Davis to plaintiff, which were before the court when the judgment was rendered; and also the original motion in arrest of judgment, with all entries thereon, and the judgment overruling the same. Subsequently the plaintiff below, the

defendant in error, caused the judge of the city court to direct that there also be sent up, as a part of the record, the answer of the plaintiff below to the motion in arrest of judgment.

It is unnecessary to state here the general rule that a motion in arrest of judgment is to be tried by the record of the case to which it relates. Taking up the grounds of the motion in arrest in their inverse order, it may be admitted that the note sued upon on its face matured after the suit was brought, and that the pleader seemed to rely upon the fact that the taxes against the property were in default, as a contingency on the happening of which the note had matured when such default occurred, and before the bringing of the suit. Assuming that this contention was correct, it may also be conceded that this state of things operated to bring the case within those decisions of this court to the effect that such a suit is not one upon an unconditional contract in writing. In such cases, if in the superior court or in those city courts which are governed by the rules of practice which obtain in the superior court, judgment can not be rendered by the judge without the verdict of a jury, even though no issuable defense be filed. But in the 9th section of the act establishing the city court of Floyd county it is provided that "the trial of all issues of fact in said court shall be by the court, without a jury, except where either party in a civil case, or the defendant in a criminal case, shall, in writing, demand a trial by jury." Acts of 1882-3, p. 538. This section further provides that a "failure to file such a demand at or before the beginning of the trial shall be a waiver of said right" of a trial by jury. In the present case the record does not show that such a demand was filed, or, indeed, that there was any appearance at all by the defendant. It may be that the form of judgment which the city court of Floyd county may render in a contested case is of no consequence, though it is possible that in such a case a different form of judgment may there obtain. The recital in the judgment rendered in this case that there was no issuable defense filed on oath may have been inserted merely to distinguish it from those cases in which a trial is had on regular issues. But even if it be assumed that this recital was an effort to conform in some way to the form of judgments in the superior court, it ought not, in view of the act creating this city court, to be taken to imply that the suit was upon an unconditional contract in writing,

because that court, as we have seen, has the power to render a judgment without a jury even in a suit on a contract which is not unconditional, if, as in this case, no demand for a jury trial is made.     We therefore hold that this judgment is not void on its face, either because it was rendered by the court without a jury in a suit on a contract which was not unconditional, or because the judgment contains a recital provided for by the rules of the superior court in certain cases.

The other two grounds of the motion in arrest involve very serious questions of practice, and the conclusion reached is not altogether free from difficulty.     The petition rather inaptly avers that the note became due because of the non-payment of taxes. And it is also true, as claimed in the motion to arrest the judgment, that the copy of the note to which reference is made in another paragraph of the petition as showing that non-payment of taxes operated to make it fall due contains no such stipulation. But the petition also refers to a deed which was given by the defendant to secure the payment of the note.     As this latter allegation was made a part of the case, it may, perhaps, be taken for granted that the court had that deed before it.     Certainly the petition could have been amended by the insertion and exhibition of that deed in full.     May it not very well be presumed that if such deed had been made a part of the pleadings by amendment, the petition would then have shown that the deed contained a clause which provided that the debt should mature and become payable whenever any taxes assessed against the property were allowed by the defendant to become in default ?     Certainly some presumptions ought to arise in favor of the proper exercise of its powers by a court of competent jurisdiction, when it appears that the defendant has been duly served, as in this case, and might have had his day in court.     Let it also be borne in mind that the Civil Code, § 5365, provides that a judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form.     For an application of this rule, see *Artope* v. *Barker*, 74 *Ga.* 462 ; *Moss* v. *Stokeley*, 95 *Ga.* 675. In the particular matter now under discussion, perhaps as much favor ought to be given to the judgment of the court as to a verdict of the jury.

By the new practice act (Civil Code, § 4961) it is required that

petitions shall set forth a cause of action in orderly and distinct paragraphs, and any averment distinctly and plainly made which is not denied by the defendant's answer shall be taken as prima facie true, unless the defendant states in his answer that he can neither admit nor deny such averment, etc. However incorrectly or awkwardly the allegation was made in this petition as to the note maturing on the non-payment of taxes, still the issue was made. In the case of *W. U. Tel. Co.* v. *Lark*, 95 *Ga.* 806 (3), this language is used: "No issuable defense having been filed, it was, under the provisions of this act, proper for the court to treat as true, without proof, every essential averment of fact distinctly and plainly made in the plaintiff's petition; and this being so, the plaintiff's right to recover was established." There are many other decisions of this court to the same effect. On the whole, if we are right in assuming that the petition was amendable so as to set out the deed specified in the petition and hereinbefore referred to, and if the practice act is applicable, as we think, and if there is any presumption that the court below properly and fairly did his duty in this matter, it follows that the motion in arrest of judgment was rightly overruled.

*Judgment affirmed. All the Justices concur.*