# CHARLESTON

First National Bank of Broadway, Virginia *v.* Cootes *et al.*

Submitted February 24, 1914.   Decided April 21, 1914.

1. Appeal and Error—*Dismissal—Moot Question.*
    This court will not dismiss an appeal, as presenting only a moot question, because defendant was discharged in bankruptcy pending the appeal.   (p. 113).

2. Bankruptcy—*Discharge—Availability as Defense.*
    To avail as a defense to a pending suit in a state court, a subsequent discharge in bankruptcy must be pleaded.   The discharge does not, *ipso facto*, oust the state court of jurisdiction to render judgment.   (p. 113).

3. Attachment—*Attachment Affidavit—Authority to Take.*
    Being the cashier of a bank does not disqualify a notary public from taking an affidavit to be used in an attachment suit brought to collect a debt due his bank.   (p. 113).

Appeal from Circuit Court, Hardy County.

Suit by the First National Bank of Broadway, Virginia, against E. A. Cootes and another, partners as Cootes & Son. From Decree for defendants, plaintiff appeals.

*Reversed and Remanded.*

*G. W. McCauley,* for appellant.

*D. O. Dechert* and *J. M. Mason, Jr.,* for appellees.

Williams, Judge:

Plaintiff brought this suit in equity and attached the property of E. A. Cootes and F. D. Cootes, partners, as

74 W. Va.

Cootes & Son, on the ground that they are non-residents. Defendants attacked the sufficiency of the affidavit upon which the attachment was issued by special plea, on the alleged ground that T. C. Althizer, the notary public before whom the affidavit was made, was and is the cashier of the plaintiff bank. The circuit court overruled plaintiff's demurrer to the plea and, on its declining to take issue on the fact therein averred, quashed the affidavit and dismissed plaintiff's suit, and from the decree it has appealed.

A motion by defendant to dismiss the appeal presents a preliminary question. Accompanying the motion is an agreed statement of facts, from which it appears that, after this appeal was taken, and within four months after the date of the attachment, defendants were adjudged bankrupt and discharged by the United States District Court of the Western District of Virginia, and that the debt which is the basis of this suit is one of the debts as to which the discharge is operative. But it does not appear that the bankrupt court was asked to stay this proceeding in the state court, or that it has done so. There can be no doubt, from the agreed facts, that defendants' discharge in bankruptcy is a complete defense to this suit, but they must plead it. The state court does not lose jurisdiction of the person of a defendant because he has been discharged in bankruptcy, pending the action or suit in the state court, and unless he pleads his discharge a judgment may be rendered against him. By his failure to plead it he is deemed to have waived the defense. Burke's Com. Law Pl. Pr. 368; 2 Loveland's Bankruptcy 1400; Collier on Bankruptcy (8th ed.) 294; *Lane* v. *Holcomb,* 182 Mass. 360; 65 N. E. 794; *Bank of Commerce* v. *Elliott,* 109 Wis. 648, 85 N. W. 417; and *Griffith* v. *Adams,* 95 Md. 170, 52 Atl. 66. The court having jurisdiction to render a valid judgment in this case against defendants, if their discharge is not pleaded, it can not be said that the question presented to us on the appeal is purely moot, and the motion to dismiss must therefore, be overruled.

Plaintiff's demurrer to defendants' plea should have been sustained. The matter alleged does not show the affidavit to be bad. There is no statute forbidding a notary public, who is an officer in a bank, from taking the affidavit of a person upon

a matter in which his bank is interested, and we perceive no good reason in law why he should be disqualified from doing so. The rule which has been held to disqualify a notary public, interested as grantee or beneficiary in a deed, from taking and certifying the grantor's acknowledgment, deos not apply here. Taking an acknowledgment to a deed or other writing is a *quasi* judicial act. *Tavenner* v. *Barrett,* 21 W. Va. 657; opinion of Judge GREEN in *Boggs* v. *Bodkin,* 32 W. Va. at page 584; *Bowden* v. *Parrish,* 86 Va. 67, and numerous cases cited in Encyc. Dig. Vol. 1, page 109. But the taking of an affidavit is purely ministerial. Shinn on Attachment, Vol. 1, Sec. 130, says: "It may be stated, as a general rule, that the affidavit for attachment may be made before any officer authorized by the laws of the state to administer oaths.

"But in Kansas and Michigan the affidavit can not be verified before a notary public who is the attorney of record of the plaintiff in the action." But this is because they are forbidden to do so by statutes in those states.

"The administration of an oath being purely ministerial, the fact that the officer administering it is interested in the proceeding in which it is to be used does not disqualify him," 21 Cyc. 749. The text above quoted is supported by the following cases which we have examined. *Lamagdelaine* v. *Tremblay,* 162 Mass. 339; *Teagley* v. *Webb,* 86 Ind. 424; *McChesney* v. *City of Chicago,* 150 Ill. 223; and *Peck* v. *The People,* 153 Ill. 454.

In *Patton* v. *Bank of Lafayette,* 124 Ga. 965, it was held that "the indirect pecuniary interest of a notary in a note does not render him incompetent to protest it for non-payment." In that case it appeared that the cashier, who, as notary public, protested the note, was the owner of three-fifths of the capital stock of the bank.

Our conclusion is that the notary public was not disqualified, by being cashier of the plaintiff bank, to take the affidavit. We, therefore, reverse the order quashing the affidavit and dismissing plaintiff's suit, and remand the cause for further proceedings.

*Reversed and Remanded.*