### SMITH *v.* WELLS *et al.*

BECK, J. Where a petition for injunction and other relief was presented to a judge of the superior court, and where upon hearing the petition at chambers he granted an interlocutory injunction after hearing evidence submitted by both parties, and where, about ten days subsequently to the granting of the interlocutory injunction and before the final hearing, the defendant against whom the injunction had been granted filed a petition to have the same vacated, it was competent for the court to entertain the petition to vacate the interlocutory injunction theretofore granted, and, upon a meritorious showing, to grant an order vacating the interlocutory injunction. In the present case the evidence authorized the judge to hold that the defendant in the petition had a complete defense to the case made by the petitioner, and it was no abuse of discretion upon his part to allow the defendant to make out this defense by introducing evidence which the defendant knew of at the time of the former hearing at chambers, and which in fact the defendant had tendered in evidence at that time, but which was excluded on the ground that certain documents were not properly executed and affidavits containing material evidence were not entitled in the case. There being no abuse of discre-

tion shown upon the part of the court below, and the judgment finally granted being authorized by the evidence, the judgment vacating the interlocutory injunction will not be disturbed. *Howard* v. *Lowell Machine Co.*, 75 *Ga.* 325; Code, § 5503.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 15, 1914.

Motion to vacate injunction. Before Judge Wright. Floyd superior court. October 16, 1913.

*M. B. Eubanks,* for plaintiff.

*Graham Wright* and *Denny & Wright,* for defendant.