KIRKLAND *et al.* v. FERRIS *et al.*

</div>

LUMPKIN, J. 1. The granting and continuing of interlocutory injunctions must always rest in the sound discretion of the judge, according to the circumstances of each case. After an interlocutory injunction has been granted, the presiding judge in the exercise of a sound discretion may, for sufficient reason, vacate the order granting it, reopen the case, and rehear the application for injunction, affording both sides opportunity to be heard. *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325; *Smith* v. *Wells,* 142 *Ga.* 774 (83 S. E. 789).

(*a*) The fact that the order granting the interlocutory injunction was entered on the minutes of the court, and that between the date of such order and the motion to vacate it and open the case for a further hearing a term of court had intervened, did not serve to alter the principle above announced.

(*b*) In *Coleman* v. *Franklin,* 26 *Ga.* 368, a final decree was involved, not the grant of an interlocutory injunction.

(*c*) Although the application to vacate the order granting the interlocutory injunction and to reset the case for a hearing upon the application for such injunction was general in its character, and it was stated in the bill of exceptions that there was a demurrer and motion to dismiss such motion on several grounds, one of them being "because the motion of the defendants set forth no sufficient facts and no reason in law or equity for setting aside said motion," there is no demurrer contained in the record, and apparently the objection which is called a demurrer and motion to dismiss was made orally. Moreover, a rule nisi was issued on the motion to vacate the order and rehear the application, and it does not appear that the presiding judge granted the motion without consideration or investigation, or that no sufficient grounds were made to appear, or no evidence offered in support of the motion,

or that, if any were so offered, objection was made to it. Under these facts, this court will not assume that the court below acted without sufficient showing or reason, or that the opposite parties were not apprised during the hearing of the application of the reasons urged for its grant. While it might have been better practice for the presiding judge to have required somewhat more distinct allegations of the reasons on which the motion was based, under the facts of the case and the apparent propriety for the grant of such motion under the evidence included in the bill of exceptions, this court will not reverse the judgment setting aside the grant of the interlocutory injunction and reopening the case for a further hearing.

2. A notary public is not disqualified from administering an oath to his father and attesting an affidavit made by the latter.

3. Where an affidavit was made out of the State for use as evidence upon the hearing of an application for interlocutory injunction within the State, and it appeared on its face to have been sworn to and subscribed by the affiant before a notary public of the county and State in which it was taken, and was officially attested by such notary public, when offered in evidence it was not subject to objection on the ground that there was no legal authentication of the authority of the notary to administer the oath to the affiant. Civil Code (1910), § 5646.

4. An affidavit introduced on the hearing of an application for the grant of an interlocutory injunction had attached to it a large number of exhibits, consisting of letters and other documents. These were copied in full in the bill of exceptions. At the close of the bill of exceptions it was stated that "defendants' affidavits were copied in full, with the exhibits thereto, on requirement of counsel for . . defendants." In assigning error the bill of exceptions recites that the court erred, "because plaintiffs objected specifically to each of the 86 exhibits to the affidavit of said Dunmore, as incompetent, immaterial, and irrelevant, making a separate objection to each of them. These objections the court overruled, and admitted the exhibits in evidence. These exhibits can not be copied here without making a record of about 80 pages, and plaintiffs ask that they be examined in the brief of evidence and avoid repetition here. Plaintiffs say that each and every one of said exhibits are separately incompetent, irrelevant, and immaterial, and should have been excluded from the evidence." Held, that there is no law which authorizes or compels the copying into the bill of exceptions in full of a great mass of documents merely because counsel for the defendants in error require it, it not appearing that this was done by requirement of the court. Nor will a reversal be granted because of such wholesale exception to 86 different documents so copied in full, some of which may be relevant in whole or in part, and some of which may be irrelevant. Such an exception can not place upon the Supreme Court the duty of taking up this large mass, comprising 86 documents copied in full, covering many pages of the bill of exceptions, and of investigating each of them in detail so as to ascertain what may be relevant in each and what irrelevant, and whether the irrelevancy is merely immaterial or is of such a character that the admission in evidence of the particular document in which it occurs constitutes harmful error.

(*a.*) An objection to each of 86 exhibits to an affidavit as "incompetent, immaterial, and irrelevant" amounts to no more than an objection to them as irrelevant. To object to evidence as being incompetent is equivalent to saying that it is inadmissible.

5. Under the pleadings and evidence there was no abuse of discretion in refusing to grant the injunction prayed.

*Judgment affirmed. All the Justices concur.*

APRIL 13, 1916.

Petition for injunction. Before Judge Wright. Floyd superior court. July 23, 1915.

*M. B. Eubanks,* for plaintiffs.

*Denny & Wright* and *Barry Wright,* for defendants.