# CHARLESTON.

J. J. P. O'Brien *et als.* v. Leo Pope *et al.*

Submitted September 26, 1922.  Decided October 3, 1922.

1. Notaries Public—*Direct Pecuniary Interest in Cause Renders Notary Public Incompetent to Take Affidavit for Use Therein.*

    A notary public, though duly qualified to take affidavits, may by reason of his direct pecuniary interest in a cause, be rendered incompetent to take an affidavit to be used therein. (p. 593).

2. Same—*As Partner May Not Take Affidavit for Attachment for Copartner for Use in Collecting Partnership Debt.*

    And one partner, a notary public, is incompetent to take and certify an affidavit for attachment of his co-partner to be used in collecting a debt in the name of and for the benefit of the partnership.  (p. 593).

3. Attachment—*Issued Upon Affidavit Made by One Copartner Before Another Should be Quashed Upon Motion.*

    An attachment issued upon an affidavit, so made, taken and certified, where it appears upon the face of the affidavit that the notary who took the affidavit is also a member of the plaintiff partnership, should be quashed on motion.  (p. 593).

Error to Circuit Court, Ohio County.

Action by J. J. P. O'Brien and others against Leo Pope and another.  Judgment for plaintiffs and defendants appeal.

*Reversed and remanded.*

*McCamic & Clark,* for plaintiffs in error.
*J. M. Ritz,* for defendants in error.

Meredith, Judge:

Plaintiffs, J. J. P. O'Brien, Frank A. O'Brien and Leo A. Coleman, partners doing business as O'Brien and O'Brien, instituted an action in assumpsit against the defendants, and at the same time filed their affidavit for attachment, alleging the non-residence of defendants.  Bond was given, the

attachment was levied on an automobile, and it was taken in charge by the sheriff. Service of summons was by order of publication.

The affidavit for attachment was made by J. J. P. O'Brien, one member of the firm, before Leo A. Coleman, another member of the firm.

Defendant, Leo Pope, by counsel, appeared specially and moved to quash the attachment, alleging various grounds, but his main reliance was that the affidavit was sworn to by one member of the plaintiff firm before another member of the same firm; he also filed his plea in abatement No. 1 to the attachment, averring that Leo A. Coleman, who as notary took and certified the affidavit for the attachment, is the same Leo A. Coleman who is one of the parties plaintiff in the action, and filed special plea in abatement No. 2, but we deem it unnecessary to discuss that plea.

Plaintiffs, admitting in open court that the Leo A. Coleman, the notary who took the affidavit upon which the attachment was issued, was the same Leo A. Coleman who was then and is now a member of the firm of O'Brien and O'Brien, and one of the parties plaintiff to the action, the court overruled the motion to quash the attachment, sustained a demurrer to the special pleas and refused to abate the attachment. From that order, the defendant, Leo Pope, prosecutes this writ of error.

The plaintiffs are co-partners; so far as the record shows, they are all equally interested in the claim in suit. The plaintiff Coleman has as much at stake as either of the O'Briens; but whether the proceeds would be so divided, upon collection, is immaterial, as he and they are interested in the whole of the demand. In his official capacity as notary, he took and certified the affidavit for the attachment. The affidavit is the foundation of the action. The court could acquire no jurisdiction without it; there was no personal service of the summons nor general appearance of the parties. Without the necessary affidavit, a judgment rendered in the case would be void. 1 Shinn, Attachment, Sec. 127. Plaintiffs' counsel relies upon the case of *First National*

*Bank* v. *Cootes,* 74 W. Va. 112, 81 S. E. 844. There the affidavit for the attachment in favor of the bank was made by the bank's president before its cashier, who was a notary public, and it was held that the mere fact that he was cashier of the bank did not disqualify him from acting as notary public and taking the affidavit to be used in the attachment proceedings to collect a debt due the bank. It did not appear that he had any personal interest in the debt, nor that he was even interested as a stockholder in the bank. He was merely an officer of the bank and when the debt was collected, so far as the record shows, not one penny of the proceeds would go to him. It is true that Judge WILLIAMS in his opinion quotes from 21 A. & E. Ency. Law, page 749: "The administration of an oath being purely ministerial, the fact that the officer administering it is interested in the proceeding in which it is to be used does not disqualify him."

Generally and broadly speaking, that may be true, but the cases cited by him in support of that statement were not attachment cases. The case of *Lemagdelaine* v. *Tremblay,* 162 Mass. 339, 39 N. E. 38, holds that "a person in the employ of the attorney of record of a judgment creditor, who files charges of fraud, under Pub. St. ch. 162, sec. 17, against the debtor, upon the latter's application to take the oath for the relief of poor debtors, is not disqualified by interest to act as magistrate in taking the creditor's oath to the charges." In the case of *Yeagley* v. *Webb,* 86 Ind. 424, it was held that an attorney might administer an oath to his client, and that a verified answer in a cause would not be struck from the record because the affidavit was sworn to by defendant before his attorney as a notary public.

In *McChesney* v. *City of Chicago,* 159 Ill. 223, 42 N. E. 894, it was held that a notary public who is superintendent of the assessment department of a city is not disqualified to administer the oath to special assessment commissioners; and in *Peck* v. *The People,* 153 Ill. 454, 39 N. E. 117, it was held that a commissioner appointed to make a special assessment, being a notary public, is not disqualified to take the affidavit

of his fellow commissioners to the mailing of notices to· the property owners.

In all these cases cited by Judge WILLIAMS, the officer taking or certifying the oath did not appear to have any personal interest in the matter or proceeding, just as in the case of *Bank* v. *Cootes, supra.* But in the· present case we have an entirely different situation. The notary who took the affidavit has a direct pecuniary interest in the debt to be collected. He is just as much interested, and as directly interested, as his co-plaintiff who made the affidavit. Not only so, but he is also one of the parties plaintiff. What J. J. P. O'Brien did, he did for his co-partners, and what Leo A. Coleman did, he did for his co-partners. It can hardly be contended that if Coleman, instead of O'Brien, had made the affidavit and had taken and certified it, it would be valid, yet we can see little difference between that situation and the one presented by the record. In *Owens* v. *Johns,* 59 Mo. 89, it was held, in an attachment suit brought by the clerk of the circuit court, that his affidavit for attachment sworn to before his deputy, and his bond approved by the same officer, were both nullities, and might be dissolved on motion.

It is stated in 2 C. J. page 329, that ''Officers who are otherwise qualified to take affidavits may be rendered incompetent by reason of the interest they have in the cause, or the relation they bear to the affiant,'' and many cases are there cited where affidavits were rejected because of such interest, though the interest shown was much less than that in the present case. Though diligent search has been made, we have failed to find a single case or authority anywhere that goes so far as to hold that a party plaintiff, or any one having a direct pecuniary interest in the debt to be collected, may officially administer the oath to the party who makes the affidavit for the attachment.

We are of opinion that it would not be proper to extend the rule laid down in *Bank* v. *Cootes, supra;* and therefore hold that one partner plaintiff can not take and certify the affidavit for attachment of his co-partner plaintiff. The

motion to quash should have been sustained and the demurrer to the special plea in abatement No. 1 should have been over-ruled. The order of the circuit court will be reversed, the attachment quashed and abated.

*Reversed and remanded.*