Charles F. HANNAH et ux., Relators,

v.

The Honorable Dee Brown WALKER et al., Respondents.

No. 16913.

Court of Civil Appeals of Texas.

Dallas.

Nov. 25, 1966.

Rehearing Denied Dec. 23, 1966.

Charles Ben Howell, Dallas, for relators.

John J. Orvis, Asst. Dist. Atty., Dallas, B. Thomas McElroy, of White, McElroy & White, Dallas, for respondents.

DIXON, Chief Justice.

Charles F. Hannah and wife Annabelle Hannah, Relators, with our permission filed an application for a writ of mandamus. They desire this court to direct the Honorable Dee Brown Walker, District Judge, the Honorable Bill Shaw, District Clerk and the Honorable Betty S. Tate, Official Court Reporter, to order and prepare a Transcript and Statement of Facts so that Relators may proceed with an appeal to this court.

Following a judgment against them in a personal injury damage suit Relators gave notice of appeal and filed an affidavit of inability to pay the costs of appeal pursuant to Rule 355, Vernon's Texas Rules of Civil Procedure. The District Clerk and the Court Reporter filed controverting affidavits contesting Relators' affidavit, as did Sears, Roebuck & Company, one of the defendants in the damage suit.

On September 19, 1966 Judge Walker, following a hearing, signed a decree sustaining the contest of Relators' affidavit of inability to pay costs of appeal.

Relators challenge the sufficiency of the controverting affidavit filed in behalf of the District Clerk.[1] This affidavit was made by Jean Penn, a Deputy District Clerk, before Mary Ann Mitchell, a Notary Public, who is also a Deputy District Clerk. Relators contend that one deputy district clerk cannot act as a notary public in taking the affidavit of another deputy district clerk.

 We do not agree with Relators. Art. 16, Sec. 40, of the Constitution of Texas, Vernon's Ann.St. provides that no person shall hold or exercise at the same time more than one civil office of emolument. But it also expressly names a number of exceptions and among the exceptions is the office of notary public. In other words, a person may at the same time hold the office of notary public and another civil office, without there being necessarily any conflict of interest. Figures v. State, 99 S.W. 412 (Tex.Civ.App., no writ hist.); State v. Parker, 34 N.M. 486, 285 P. 490. As to conflict of interest see Schaefer v. First Nat'l Bank, 189 S.W. 566 (Tex.Civ.App., no writ hist.); Gall v. Townsend, 77 Tex. 464, 14 S.W. 365; Belcher Land Mortgage Co. v. Taylor, 212 S.W. 647 (Tex.Com.App.); Duncan v. Duncan, 300 S.W.2d 149 (Tex.Civ.App., writ dis.); Peck v. People, 153 Ill. 454, 39 N.E. 117; Kirkland v. Ferris, 145 Ga. 93, 88 S.E. 680. We overrule Relators' motion to strike the controverting affidavit filed in behalf of the District Clerk.

Charles F. Hannah testified that he is employed at a salary of $75 per week. He is in good health. He changed jobs twice in the last few months, there being short intervals of unemployment between jobs.

---

1. Relators also attack the sufficiency of the controverting affidavits of Sears, Roebuck & Co. and Betty S. Tate. We shall not pass on the sufficiency of these controverting affidavits, for we believe that the District Clerk's controverting affidavit was sufficient to bring the contest before the Judge for determination on its merits; therefore the sufficiency of the other controverting affidavits becomes an immaterial issue.

He owns a 1962 Ford automobile which he bought in 1964 for $1,250 and which he now values at $350. It is mortgaged for $300. He pays $50 per month on the mortgage. Formerly he paid $65 per month on the car, but a short time age refinanced the car and the monthly payments were reduced. His boss persuaded the finance company to refinance the car, but would not try to help him raise the money for this appeal. He needs the car to go back and forth to work. He has no bank account, owns no stock, bonds, insurance or real estate. His household furniture was recently repossessed. He owes debts amounting to about $800 to $1,000. He tried to borrow money to pay for this appeal, which amounts to about $500, but was unable to do so. At the end of the month he usually has about $2.00 left out of his pay.

He and his wife are separated and a divorce suit is pending. They have no children. He has paid $35 in legal fees. The divorce cannot be concluded until he pays $35 more. Hannah's mother lives with him. She is in good health. She is not employed but receives Social Security payments and a widow's pension totaling $100 per month.

Mrs. Hannah has worked for about five years as a clerk at St. Paul's Hospital. She is in good health. After the cost of insurance, hospital insurance, income tax, F.I.C.A. and the sum of $30 a month paid to her credit union are deducted from her pay she receives $80 every two weeks as "take home" pay—something over $160 per month. She does not own a car, though when she and her husband were living together they owned two cars. After they separated last March he disposed of one of the cars. She owns no stock, bonds, or real estate. Her debt to her credit union will be paid off next January. She had only $30 in the bank.

Mrs. Hannah owes no current bills except a $10 doctor's bill. She has no children. She goes to and from her work with a lady with whom she lives and pays $45 per month as board. At the end of every month she has $15 or $20 left over from her pay. She stated that there is no reason why she couldn't work at a part time job for a while if she wanted to. She does not believe she could borrow $500 but has not tried to do so, though at one time she had been told that her credit union would not lend her more than her monthly salary.

■ The test which we must apply is this: did the trial court abuse his discretion in sustaining the District Clerk's contest of Relators' affidavit of inability to pay costs? Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19; King v. Payne, 156 Tex. 105, 292 S.W.2d 331; Tubbs v. Coker, Tex.Civ. App., 401 S.W.2d 272.

In the Pinchback case above cited our Supreme Court stated that no hard and fast rule could be laid down applicable to all cases, but that if a party is earning a substantial income, though he is expending it as rapidly as it comes in, he should be required to pay the costs.

In this case the Relators between them have an income in excess of $525 per month before deductions. Charles F. Hannah's mother is not entirely dependent on him, for she has an income of $100 per month. Relators have no children. Mrs Hannah owes only $10 in current debts. Though she does not believe she could borrow $500 she has not tried to do so.

■ The burden is on Relators to prove their inability to pay costs. The trial court in effect found that they had failed to sustain their burden. In so finding we cannot say that the trial court abused its discretion.

The application for a writ of mandamus is denied.