24227. SHAFFER v. CITY OF ATLANTA et al.

ARGUED SEPTEMBER 14, 1967—DECIDED SEPTEMBER 25, 1967.

*David Krasner, Saul Blau, Ray Gary,* for appellant.

*Henry L. Bowden, Edwin L. Sterne, Robert F. Lyle,* for appellees.

GRICE, Justice. Modification of an ex parte restraining order produced this appeal.

The litigation began when Joseph N. Shaffer filed in the Superior Court of Fulton County a petition against the City of Atlanta and several of its officials seeking a declaration that portions of the Urban Redevelopment Act (Ga. L. 1955, p. 354) and a designated Housing Code ordinance of the City are null and void. His petition prayed that injunction issue to prevent his being denied a judicial hearing on whether his properties are nuisances, and for general relief. Thereupon, the trial court issued an ex parte order restraining the defendants from prosecuting the pending cases charging him with violations of the Housing Code and from issuing further citations charging him with like violations. Subsequently, the trial court sustained the defendants' general demurrers, dismissing the petition.

The plaintiff appealed such ruling and obtained a reversal. *Shaffer v. City of Atlanta,* 223 Ga. 249 (154 SE2d 241). This court held that the ordinance in question violates the due process and equal protection guaranties of the State and Federal Constitutions, stating that "it in effect seeks to condemn his property by preventing him from remedying the nuisance situation so found, and to so declare it a nuisance by ordering him 'to demolish the structure within 60 days,' without a judicial hearing of the existence of a nuisance under *Code* § 72-401, and preventing him by ordinance from repairing or improving same by denying him building permits for that purpose after so finding a nuisance without notice and a hearing." P. 251.

Upon return of the case to the trial court a hearing was had, and the judge ordered that the restraining order referred to above "remain in full force and effect until the plaintiff has had an opportunity to obtain from the city officials building permits for the improvement of his property and is given a reasonable time to make said improvements. The plaintiff should apply for permits within ten days from this order and the improvements should be made within sixty days from the date of the permit. At the expiration of said time, the injunction is hereby dissolved, and the city is authorized to make and prosecute any new cases it elects to make."

From the foregoing order the plaintiff has appealed, by enumerating as error that the trial court erred in (a) issuing its order without hearing evidence; (b) conditioning the continuance of the restraining order upon plaintiff's obtaining building permits; (c) requiring him to apply for permits within ten days, and to make improvements within sixty days; (d) authorizing the city to make and prosecute any new cases it elects to make; and (e) entering an order contrary to law.

The general complaint that the court issued its order without hearing any evidence is not valid. The sworn petition, setting forth the factual and legal bases for plaintiff's case, was before the court, and this constituted evidence. See *Salter v. Ashburn*, 218 Ga. 62 (2), 66 (126 SE2d 404), and citations.

However, that petition contains nothing as to the length of time necessary to make the needed repairs to plaintiff's properties. It does allege that the city claims a number of violations of the Housing Code exist at each of 28 designated properties owned by the plaintiff. This allegation causes some doubt as to whether 60 days is sufficient time for making the repairs. In view of this, we direct that the trial judge hear evidence and make a finding as to what constitutes a reasonable time for making the repairs, and that he modify his order accordingly.

The other provisions of the modification order were in keeping with this court's decision, which rested substantially upon the necessity of affording the plaintiff the opportunity to repair and improve his properties so as to meet the requirements of the Housing Code before he could be prosecuted, and with the

discretion which, under *Code* § 55-108, rests with the trial judge in granting and continuing injunctions, according to the circumstances of the case.

One of the plaintiff's primary contentions here is that upon this hearing the trial court should have heard the entire case, as alleged in his petition, including the constitutional attacks on the statutes and ordinances. This contention, however, overlooks the limited scope of the .hearing, which dealt with only one feature of the case, continuance of the restraining order. The other matters remain for future disposition in the case, which is still pending.

*Judgment affirmed with direction. All the Justices concur.*