## 26921. KELLEY v. KELLEY.

ARGUED JANUARY 11, 1972—DECIDED FEBRUARY 11, 1972.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.

*J. P. Turner,* for appellee.

640

MOBLEY, Presiding Justice. In this divorce, alimony, and custody case brought by the wife against the husband, and cross action by the husband, the court, after hearing, awarded the wife temporary custody of the three children, temporary alimony for the support of the wife and children, and attorney's fees. The husband was required to make the payments of $185 per month on the note on the home and land owned by him in Cobb County, and he was restrained from selling the Cobb County property until the further order of the court.

Thereafter the husband filed a verified petition alleging that his obligations were greater than he previously thought, that he needed to make a loan to pay his current obligations and those imposed on him by the court, and that a lending institution would make him a loan, but the wife's consent is necessary. He prayed that the court authorize him to post as collateral for the loan a part of the Cobb County tract, exclusive of the immediate tract on which the house stands.

After hearing, the trial judge authorized him to borrow $14,000 and give the land as collateral. This appeal is from that judgment.

The wife enumerates as error the court's judgment denying her motion to dismiss the husband's petition for modification of the interlocutory restraining order, and its order permitting the husband to make a loan on the property.

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case." Code § 55-108. The discretion of the trial judge is a discretion based on the law and the evidence before him. A petition to modify an interlocutory injunction cannot be granted in the absence of a meritorious showing that such modification should be made. Smith v. Wells, 142 Ga. 774 (83 SE 789).

The record shows that at the hearing of the petition to modify there was colloquy between the lawyers and the judge, but no evidence was offered by the husband other than the

verified petition, which is considered as evidence. *Leger v. Ken Edwards Enterprises*, 223 Ga. 536, 539 (156 SE2d 651); *Shaffer v. City of Atlanta*, 223 Ga. 630, 631 (157 SE2d 486).

The petition alleges that the husband needs a loan, but states no facts to show the amount of his indebtedness, the condition of his assets, or the effect an encumbrance of his property would have on his ability to respond to an alimony judgment. The meager allegations of the petition, treated as evidence, were insufficient to authorize any modification of the interlocutory injunction.

*Judgment reversed. All the Justices concur.*