## 34860. HARVARD v. WALTON.

MARSHALL, Justice.

The appellee sued the appellant, seeking to dissolve their parol partnership, which was losing money; to enjoin the appellant temporarily and permanently from disposing of any of the assets of the partnership or from interfering with the business of the partnership or otherwise injuring or destroying its assets; and other relief. The petition was verified.

The trial court denied a temporary restraining order, and made an agreement between the parties the order of the court. Subsequently, the plaintiff filed an unverified amendment to her petition, alleging that the partnership business is a tenant in the business premises; that, on September 27, 1978, the plaintiff, as landlord, had demanded that the business (composed of the two parties to the action) pay her $1,850 per month as rental; that the plaintiff as landlord has demanded and desires immediate possession of the premises or, in the alternative, that the partnership pay into the registry of the court a sum certain as a "reasonable" monthly rental. The amended

petition prayed that the judgment specify: (1) the specific amount of money that the defendant is indebted to the plaintiff; (2) whether the defendant, d/b/a A & H Kitchen, has any right to occupy the partnership's business premises; and (3) whether or not the defendant has any right to occupy the premises after December 1, 1978.

The rule nisi was based upon the petition as amended. After a hearing, the trial court entered an interlocutory order providing that the defendant pay into the registry of the court $1,400 per month on the first day of the month; that the defendant pay $1,400 per month for the months of October and November, 1978, and each month thereafter until further order; and that the defendant be enjoined from disposing of any of the partnership's assets located at its business premises, or removing any of the furnishings, fixtures, or equipment situated in said premises. The defendant appeals from the above order.

1. The first enumerated error is the provision of the order appealed from, that sums be paid into the registry of the court which are contended not to have been sought or prayed for in the pleadings. The appellant argues that the allegation of a certain rental value cannot support the sums awarded, because it was contained in an unverified amendment to the petition.

Petitions for a restraining order, injunction, or other extraordinary equitable relief must be verified. Code §§ 81-109, 81-110; Code Ann. § 81A-111 (Ga. L. 1966, pp. 609, 622). However, "[a] judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Code § 110-705. A judgment by a judge without a jury has the effect of a verdict, in so far as amendable defects in the pleadings are concerned. *Davis v. Bray,* 119 Ga. 220 (46 SE 90) (1903). There is authority for the proposition that a verified petition may be amended in some respects by an unverified amendment. *Livingston v. Marshall,* 82 Ga. 281 (1) (11 SE 542) (1889). In any event, failure to verify a petition is an amendable defect. *Byrd v. Prudential Ins. Co.,* 185 Ga. 310 (1) (195 SE 403) (1937). This amendable defect was waived by the defendant's failure to object thereto in the trial court. *Rodgers v.*

*Caldwell,* 122 Ga. 279 (1) (50 SE 95) (1905) and cit.; *Campbell v. Gormley,* 184 Ga. 647 (1) (192 SE 430) (1937) and cits.

The judgment granted sums ($1,400) for rental to be paid into the registry of the court which were less than those prayed for in the petition as amended ($1,850). The order of the court recited that evidence was received, and the appellant does not contend that the evidence did not authorize the award.

2. The second enumerated error is that there was no evidence to show the necessity for the injunctive relief granted.

In interlocutory injunction cases, this court has held that "[t]he sworn petition, setting forth the factual and legal bases for plaintiff's case, was before the court, and this constituted evidence." *Shaffer v. City of Atlanta,* 223 Ga. 630, 631 (157 SE2d 486) (1967). The injunction was authorized by such allegations in the petition (as amended) as: that the plaintiff had provided all of the capital outlays for the business; that the defendant had failed to comply with, and wilfully and persistently breached the terms of their oral agreement, attempting to take exclusive possession of the everyday operation of the business and refusing to counsel and respect the rights of the plaintiff; and that the defendant had failed to vacate the rented premises upon the demand of the plaintiff, as landlord of the premises. Moreover, since the order recited that evidence was received, and there is no transcript in the record, we must assume that the evidence authorized the injunction.

Accordingly, the trial court did not err in entering the judgment appealed from.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED MAY 4, 1979 — DECIDED JUNE 27, 1979.

*Hirsch Friedman, Brian Spears,* for appellant.
*William D. Smith,* for appellee.

HILL, Justice, concurring in judgment.

*Shaffer v. City of Atlanta,* supra, is one of a spotty line of cases indicating that a sworn petition constitutes evidence upon which the grant of a temporary *injunction* (as opposed to a temporary restraining order) would be approved by this court. 15 EGL 284, 286, Injunctions, § 16 (1969). Regarding the difference between temporary injunctions and restraining orders, see Leverett, Hall et al., Ga. Proc. & Prac. § 6-15 (1957).

Although in certain emergencies a temporary restraining order may be issued without notice and hearing, Code Ann. § 81A-165 (b), no temporary injunction shall issue without notice, Code Ann. § 81A-165 (a) (1), and hearing, Code Ann. § 81A-165 (a) (2). In my view, the purpose of such notice and hearing is to hear evidence, not to read the sworn petition. Basing a temporary injunction upon a sworn petition in a contested case defeats the purpose of conducting the hearing.

Perhaps local rules of court specifying that temporary injunctions will be heard on affidavits, by persons competent to testify, based upon personal knowledge setting forth admissible evidence, see Code Ann. § 81A-156 (e), would be permissible if such rules authorized the judge to require live testimony in cases in which he deemed it to be necessary.

In any event, in the case before us the trial judge heard evidence as I believe he should have done. I therefore concur in the judgment.