## GRIFFITH, TURNER & CO. *vs.* MICHAEL ADAMS ET AL.

*Practice Act of Baltimore County—Entry of Judgment for Want of Plea Duly Filed and Verified.*

The Act of 1894, ch. 631, relating to practice in actions at law in Baltimore County and the rules of the Circuit Court made in pursuance thereof provide that in any suit on a contract when the declaration is verified by affidavit and accompanied by the account sued on the plain-

tiff shall be entitled to judgment on the first day of the next term unless the defendant files a plea containing a good defense and verified by affidavit within fifteen days after the return day to which he was summoned. It is also provided that the Clerk shall file any plea offered if sworn to and that the sufficiency of such plea shall be determined by the Court. In this case the defendants in such an action filed pleas more than a month after the expiration of the time limited and these pleas were not verified by affidavit. Two days afterwards there was an entry of judgment by default for the plaintiff for want of sufficient pleas. Upon motion to strike out the judgment. *Held*, that the affidavit to the pleas was requisite in order to entitle the defendant to file them ; that the defendants were in default both as to the time of filing their pleas and as to the absence of an affidavit supporting the same, and the plaintiff was entitled to the judgment under the statute.

There is nothing in the nature of a plea of discharge in insolvency which can take it out of the operation of the above-mentioned Practice Act, but such plea must be pleaded in the same manner as other pleas.

Appeal from the Circuit Court for Baltimore County, (BURKE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, PEARCE SCHMUCKER and JONES, JJ.

*Z. Howard Isaac* and *Robert F. Stanton* (with whom was *William Penrose* on the brief ), for the appellant.

*Charles S. Hayden* (with whom was *Frank I. Duncan* on the brief ), for the appellee.

PEARCE, J., delivered the opinion of the Court.

There are two appeals in this record taken from an order of the Circuit Court for Baltimore County, striking out a judgment obtained in that Court by the plaintiffs against the defendants on December 7th, 1896. The cause of action was a promissory note of the defendants for $169.98, dated September 6th, 1894, and payable to the plaintiffs three months after date. The suit was instituted October 16th, 1896, under ch. 631 of 1894, known as the Practice Act of Baltimore County. A declaration, properly verified by affidavit as required by that Act, together with the promissory note constituting the cause of action was filed with the titling, and subpœna was issued

the same day returnable to the third Monday in October, 1896, which, under said Act, was the next return day for return of civil process. On that day, October 19th, both defendants were returned " summoned," and on the next day, the defendants failing to appear, the clerk entered their appearance as directed by the Act. Under sec. 18F, the plaintiff in any suit on contract, having filed a declaration with an affidavit of the true amount due him, and the writing or account upon which the defendant is indebted, is entitled to judgment to be entered by the Court or clerk on the first day of the term next succeeding the return day to which the defendant was summoned, though the defendant may have pleaded, unless such plea contains a good defense, *and* unless the defendant, or some one in his behalf, shall under oath or affirmation, state that every plea pleaded is true, and what amount, if any, of the plaintiffs claim is due, and what amount is disputed; and the Court is required to pass such rules as are necessary to carry out the purpose of the Act, provided that the Court may for good cause shown, by its order in writing passed anytime before judgment, extend the time for filing such pleas and affidavits—which extension shall until the expiration thereof suspend the plaintiff's right to enter judgment. The Court passed the necessary rules, and Rule 4 provides that where the declaration is filed at the time of the institution of the suit, the rule day to plead thereto shall be the fifteenth day after the return day to which defendant was summoned, and a rule was laid accordingly. This rule expired on November 3rd, and on December 5th, thirty-two days after the expiration of the rule to plead, the defendants filed separate pleas. Michael Adams pleaded that he had been discharged in insolvency May 21st, 1895, and that the plaintiffs claim accrued before the petition in insolvency was filed. Margaret Adams pleaded the general issue pleas, but in neither case were these pleas supported by any affidavit.

Rule 5 provides that it shall be the duty of the clerk to file any plea offered to be filed under sec. 18F, " *if sworn to,*" and that all questions as to the sufficiency of *such* pleas, shall be

determined by the Court on demurrer, or motion in writing, upon notice given the attorney for the party filing the same, and that if the plea be held insufficient, the party filing the same shall have the right to amend on terms to be prescribed by the Court. This rule further provides that the judgment authorized by this section shall be entered " as in default of plea under the rule as in other cases." The first day of the term next succeeding the rule day to which these defendants were summoned, was December 7th, 1896, and on that day, on the regular call of the docket, the docket entry shows " Judgment for plaintiffs by default for want of sufficient pleas," and judgment was extended on the same day. On October 12th 1901, separate motions were filed by the defendants to strike out this judgment.

Margaret Adams reasons were ; 1st. That pleas were filed before entry of judgment. 2nd. That judment was rendered not for want of plea, but for want of sufficient plea. 3rd. That neither she nor her attorney had any notice of the judgment, and 4th. Other reasons to be shown at the hearing.

Michael Adams reasons were : 1st. That he had been discharged in insolvency and had pleaded this defense before judgment was entered. 2nd. That the record showed judgment was entered by default for want of a sufficient plea, notwithstanding the plea of discharge in insolvency was filed before judgment was entered. And third and fourth, for the same reasons as the third and fourth alleged by Margaret Adams.

On the same day, the Court struck out the judgment and ordered the defendants to plead within ten days, and they subsequently filed new pleas under leave of Court, on January 10th, 1902, *nunc pro tunc*, as of October 12th, 1901—supporting the same by the necessary affidavit thereto.

It will thus be seen that the plaintiffs were in no respect in default in their pleading at the date of the entry of the judgment, but that the defendants were in default in two respects : 1st, in not attempting to plead until thirty-two days after the expiration of the rule, and 2nd, in not verifying their pleas by

affidavit as required by the Act, without which they had no right to have them filed. The appellants contend that these pleas, being without affidavit, were not such pleas as were required by the Act to defeat their right to enter judgment as in default of plea; in other words that they were not pleas at all, but were nullities to which no legal effect could be given by their unauthorized filing by the clerk, and that the word *"sufficient"* in the docket entry of the judgment should be regarded as surplusage, thus making the judgment appear to be, what it was in fact, a judgment for want of plea.

The appellees contend that, the want of an affidavit was not a statutory defect which authorized the entry of a judgment by way of default for want of a plea, but a matter of sufficiency merely under Rule 5, which could only be determined by the Court on demurrer or motion in writing, after due notice given, and that as there was no such demurrer or motion, notice and determination, the judgment was improperly entered, and correctly stricken out. To this, the plaintiffs reply that the oath or affirmation is a statutory prerequisite to the right to file a plea or to demand its consideration, and that the matters of sufficiency which are by the rule to be inquired into, are those only which would be available to the defendant if no affidavit were required by the statute; and also that if it were possible from any proper construction of the language of the rule, to adopt the defendants' contention, the rule would be in conflict with the statute, and to that extent would be inoperative.

In our opinion the position of the appellants is correct throughout. They have complied with all the requirements of the law, while the defendants have been in default from the first, and as was said in *May* v. *Wolvington*, 69 Md. 122, in a somewhat similar case, "there is no rule of right reason which should punish the plaintiffs for the error of a ministerial officer of the Court" in filing pleas which ought not to have been filed,

The Act now under consideration will be found to be identical in its provisions, and almost in the exact language of the

Practice Act of Baltimore City. That Act was considered, upon a motion to strike out a judgment, in *Gemmell* v. *Davis*, 71 Md. 458, and we adopt the following from what was there said, as conclusive of this case.

"The obvious purpose of the Act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure under oath, as to the real amount or matter in dispute or actual contest between the parties, to avoid unnecessary expense and trouble in the trial. And while the construction of the statute should be such as to afford every defendant a full and fair opportunity to make all his defenses to the action against him, no such restrictive construction as against the rights of the plaintiff should be adopted as would, to any extent, defeat or frustrate the beneficial objects contemplated by the Legislature. By the terms of the section quoted, the plaintiff has a *right*, at anytime after the expiration of the fifteen days from the return day, to apply for and obtain judgment, *as by default*, unless there be a plea by the defendant showing a good defense, and verified in the manner prescribed by the statute. *Such* plea the defendant may plead at anytime *within* the fifteen days, without special leave of the Court. But if the fifteen days from the return day have expired, and the plaintiff's right to judgment has accrued, in default of a good plea pleaded, in such case, the defendant cannot arrest the right of the plaintiff to demand and obtain his judgment, except in the manner prescribed by the terms of the statute. In such case, says the statute, the Court may *"for good cause shown,* by its order in writing passed *at anytime before judgment*, extend the time for filing such pleas and affidavits, *which extension shall suspend until the expiration thereof*, the plaintiff's right to enter judgment." The defendant therefore, can file *no plea*, after the expiration of the fifteen days, *unless it be by leave of the Court* first obtained, upon good cause shown, before judgment entered. This is the clear meaning of the terms of the statute, and if by construction a different meaning be attributed to them, such as that contended for by the defendant, they would

be virtually deprived of all restrictive force, and the defendant in any case would be able to do what was attempted to be done in this case, that is, to defeat the plaintiff's right to judgment by simply placing upon record pleas (and affidavits) at anytime before judgment entered, regardless of the fact that no cause had been shown, nor any leave of the Court obtained. To suffer this to be done would simply be in defiance of the express terms of the statute."

The case before us is a stronger case than *Gemmell* v. *Davis*, because here the pleas placed upon record in defiance of the terms of the statute, were not even verified by affidavit.

There is nothing in the nature or effect of a plea of discharge in insolvency which can take it out of the operation of the Practice Act. A discharge in insolvency is of no avail unless pleaded, and if pleaded, it must be pleaded in manner and form required by the statute governing the entry of judgments.

The order of Court of January 8th, 1902, directed that the rules of Court bearing upon practice under the rule day Act of 1894, should be inserted in and made a part of the bill of exceptions, these having been inadvertently omitted, though it was understood at the time by the Court and counsel that they should be incorporated in the bill of exceptions. When the record was made up, rule 6 was inadvertently substituted for rule 4, which however it was conceded, was correctly supplied in appellant's brief; and under these circumstances we cannot hesitate to regard rule 4, as if embraced in the record.

For the reasons we have stated the order of the Circuit Court striking out the judgment will be reversed in both appeals.

*Order reversed with costs to appellants above and below.*

(Decided April 2nd, 1902.)