# THE OLD TOWN NATIONAL BANK OF BALTIMORE

*vs.*

## GEORGE E. PARKER, JR.

*Bankrupt: discharge; new promise.*

The promise of a bankrupt to pay a debt sued on, made between the date of the adjudication and the date of the discharge, will revive the debt.                    p. 63

*Decided May 11th, 1913.*

Appeal from the Baltimore City Court (STUMP, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Edward M. Hammond* (with whom was *Roger T. Gill,* on the brief), for the appellant.

*E. McClure Rouzer,* for the appellee.

BURKE, J., delivered the opinion of the Court.

The appeal in this case is from a judgment of the Baltimore City Court. The record shows that the appellant sued George E. Parker, Sr., and George E. Parker, Jr., upon two overdue promissory notes executed by them aggregating the sum of $1,750.00. A judgment by default was entered against George E. Parker, Sr., and this judgment was extended for $1,778.20 on March 27th, 1912.

George E. Parker, Jr., was adjudicated a bankrupt by the United States District Court for Maryland, on the 17th of November, 1911, and was discharged as such bankrupt by that Court on May 11th, 1912. He pleaded his discharge in bankruptcy as a bar to the suit. The plaintiff replied that since the adjudication in bankruptcy the defendant promised to pay the plaintiff's claim, the cause of action in this case. A rejoinder was filed to this replication wherein the defendant denied that since his adjudication as a bankrupt on the 17th of November, 1912, he had promised to pay the claim. The case by agreement was tried before the Court, without the intervention of the jury, and resulted in a verdict and judgment for the defendant,—the Court ruling as a matter of law upon the request of the defendant, that the plaintiff had offered no evidence legally sufficient to entitle it to recover.

The promise relied on to avoid the effect of the adjudication and discharge is claimed to have been made in December, 1911.

It was admitted at the trial that the notes were signed by the defendant prior to his adjudication in bankruptcy; that they were filed in the bankruptcy proceedings, and that no dividend was paid on them.

Two questions only are presented by the record, first, is a promise made after the adjudication but prior to the discharge in bankruptcy effectual to renew the debt sued on? Secondly, is the evidence produced by the plaintiff sufficient to constitute a new promise in cases of this character?

*First.*—The overwhelming .weight of authority supports the proposition that the promise of a bankrupt to pay the debt sued on made between the date of the adjudication and the discharge will revive the debt. *Brix* v. *Braham,* 1 Bing. 281; *Kirkpatrick* v. *Tattersall,* 13 M. & W. 766; *Lerow* v. *Wilmarth,* 7 Allen, 463; *Wiggin* v. *Hodgdon,* 63 N. H. 39; *Moore* v. *Trounstine,* 126 Ga. 116.

In *Kirkpatrick* v. *Tattersall, supra,* BARON PARKE said: "There is no distinction in this respect between the case of a promise made before the certificate of discharge, and one made after it. Both are equally binding, though the only consideration be the old debt."

The legal effect of a new promise made in the interim between the adjudication and the discharge was determined by the Supreme Court of the United States in *Zavelo* v. *Reeves,* 227 United States, 625, in which the Court said: "It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy but not the indebtedness; that, generally speaking, it relates to the inception of the proceedings, and the transfer of the bankrupt's estate for the benefit of creditors takes effect as of the same time; that the bankrupt becomes a free man from the time to which the discharge relates, and is as competent to bind himself by a promise to pay an antecedent obligation, which otherwise would not be actionable because of the discharge, as he is to enter into any new engagement. And so, under other bankrupt acts, it has been commonly held that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if made after the discharge. *Kirkpatrick* v. *Tattersall,* 13 M. & W. 766; *Otis* v. *Gazlin,* 31 Maine, 567; *Hornthal*

*v.McRae,* 67 Nor. Car. 21; *Fraley* v. *Kelly,* 67 Nor. Car. 78; *Hill* v. *Trainer,* 49 Wisconsin, 537; *Knapp* v. *Hoyt,* 57 Iowa, 591; 42 *Am. Rep.* 59; *Lanagin* v. *Nowland,* 44 Arkansas, 84; *Wiggin* v. *Hodgdon,* 63 N. H. 39; *Griel* v. *Solomon,* 82 Alabama, 85; *Jersey City Ins. Co.* v. *Archer,* 122 N. Y. 376.

Our attention is not called to any decision in point arising under the present bankruptcy act; but we deem it clear that the same rule should be applied."

*Second.*—As to the sufficiency of the new promise. The evidence of Henry O. Redue, the cashier of the Old Town Bank, tended to show that in the interval between the adjudication and the discharge, the appellee made an express and absolute promise to pay the notes sued on.

In view of this testimony, and under the principles of law applicable to the case, it was error to have granted the defendant's prayer, and, therefore, the judgment must be reversed.

> *Judgment reversed, with costs, and new trial awarded.*