## OPINION OF THE JUSTICES TO THE
## SENATE AND THE HOUSE OF REPRESENTATIVES.

The General Court constitutionally may enact legislation to deprive a judgment debtor of a license to operate motor vehicles until any judgment against him in an action for death or damages caused by the operation of a motor vehicle has been satisfied, "judgment debtor" being defined to mean the agent, minor child or ward in a case where the judgment is entered against a principal, parent, or guardian because of the operation of a motor vehicle by such agent, child or ward.

THE following order was passed by the House of Representatives on March 12, 1925, and by the Senate in concurrence on March 16, 1925, and was transmitted to the Justices of the Supreme Judicial Court on March 20, 1925.

WHEREAS, There is pending before the general court a bill designed to secure financial redress in cases of personal injuries or death resulting from the operation of motor vehicles, such bill being printed in Appendix X in current Senate document 285 and being entitled "An Act to protect the public against certain financially irresponsible operators of motor vehicles," a copy of which is herewith submitted; and

WHEREAS, Doubt exists as to the constitutionality of said bill, if enacted into law; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the General Court on the following important questions of law: —

1. May the General Court constitutionally enact legislation depriving a person of a license to operate motor vehicles until he has satisfied a prior judgment against him in an action for damages or death resulting from the operation by him or any other person of a motor vehicle?

2. Would the bill hereinbefore mentioned, if enacted into law, be constitutional?

On April 17, 1925, the Justices returned the following answers:

To the Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question propounded in the order described as House No. 1193 and received on March 20, 1925, copy whereof is hereto annexed.

The substance of this question is whether the General Court may constitutionally enact legislation to deprive a judgment debtor of license to operate motor vehicles until any judgment against him in a cause of action for death or damages caused by the operation of a motor vehicle has been satisfied, "judgment debtor" being defined to mean the agent, minor child or ward in a case where the judgment is entered against a principal, parent, or guardian because of the operation of a motor vehicle by such agent, child or ward.

The manifest purpose of the proposed act, in the light of the report of the joint special committee of which it forms a part, is to protect the public against injuries upon public highways. The power of the Commonwealth over public ways is very broad. We think that the Legislature may declare that no person shall have a license to operate a motor vehicle upon public ways until he has satisfied any outstanding judgment against him founded on previous operation of a motor vehicle. A statute of that nature may have a tendency to prevent conduct by a licensee capable of being the basis of such a judgment, and thus promote the public safety. It would have a tendency to keep off the highway those shown by their conduct to be dangerous to other travellers. It may be thought by the Legislature that such a judgment debtor, who did not do what the law required of him, as declared by the judgment, to repair damage already done by him, was not a fit person to be entrusted again with the responsibility of operating a motor vehicle on the public ways. From the viewpoint of the common good and general welfare the proposed statute cannot be pronounced obnoxious to the Constitution. *Commonwealth* v. *Pentz*, 247 Mass. 500. *Pawloski* v. *Hess*, 250 Mass. 22. *Hendrick* v. *Maryland*, 235 U. S. 610. *Kane* v. *New Jersey*, 242 U. S. 160. *Opinion of the Justices*, 250 Mass. 591, presented to the Honorable House of Representatives in January, 1925. *Opinion of the Justices, ante*, 569, transmitted

herewith, where reasons leading to this conclusion are set forth at length.

There is no inequality or discrimination in a constitutional sense from the standpoint of the judgment debtor. Those who do not pay their debts arising from their fault in the operation of a motor vehicle on the public way may be classified by the Legislature as not worthy of a license to operate again.

The proposed statute does not differ in principle from many others. Laws as to giving bail and dissolving attachments stand on the same constitutional footing. Even imprisonment for debt does not violate constitutional guarantees. *Commonwealth* v. *Badlam*, 9 Pick. 362. *Simon* v. *Justices of the Municipal Court of the City of Boston*, 224 Mass. 122.

The answer to each of the questions in this order is, Yes.

ARTHUR P. RUGG.
HENRY K. BRALEY.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
WILLIAM C. WAIT.
GEORGE A. SANDERSON.