WINFIELD C. ELLIS *v.* WALTER R. RUDY,
COMMISSIONER OF MOTOR VEHICLES

[No. 43, October Term, 1936.]

*Decided January 13th, 1937.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Charles Allan Lynch,* with whom was *August J. Brozik* on the brief, for the appellant.

*Charles T. LeViness, 3rd, Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The questions on this appeal are raised on a demurrer to a petition for a writ of mandamus. The petitioner

seeks a mandamus to compel the Commissioner of Motor Vehicles of Maryland to reissue his suspended operator's license. The controversy grows out of these facts.

The petitioner is the owner of an automobile, and a judgment was recovered against him on December 6th, 1934, in the sum of $10,000, by a plaintiff for injuries received by reason of having been struck by the petitioner's automobile. Nothing has taken place to affect the defendant's liability under this judgment except the fact that on January 18th, 1936, the District Court of the United States for the District of Maryland passed an order that the petitioner "be discharged from all debts and claims which are made provable by said Acts against his estate and which existed on the 4th day of September, 1935, * * * excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." After the passage of this order, the petitioner applied to the respondent for the revocation of the suspension, and the reissue of the license on his furnishing financial responsibility against future claims which might arise from either the ownership and operation of his automobile, or its operation.

Notwithstanding the petitioner's ability and readiness to furnish this financial responsibility, the respondent declined to rescind the suspension. The commissioner supports his action by the argument that a discharge in bankruptcy does not take the petitioner without the operation of section 187B of article 56 of the Code (Supp. 1935): "187B. The operator's * * * license and all of the registration certificates of any person, in the event of his failure within thirty (30) days thereafter, to satisfy any judgment which shall have become final * * * for damages on account of personal injury, including death, or damage to property in excess of fifty dollars ($50.00) resulting from the ownership, maintenance, use or operation hereafter of a motor vehicle shall be forthwith suspended by the commissioner upon receiving a certified copy or transcript of such final judgment from the court in which the same was rendered showing such judgment

or judgments to have been still unsatisfied more than thirty (30) days after the same became final, as aforesaid, and shall remain so suspended and shall not be renewed, nor shall any motor vhicle be thereafter registered in his name while any such judgment remains unstayed, unsatisfied and subsisting and until every such judgment is satisfied or discharged and until the said person gives proof of his ability to respond in damages as required in Section 187A hereof, for future accidents."

A judgment recovered for negligence in the operation of an automobile is not a debt which is excepted from the operation of a discharge in bankruptcy. Consequently, the debtor is discharged of the judgment mentioned so far as the bankruptcy statute has effect. Furthermore, the operation and effect of a national bankruptcy act will prevail over any conflict that may arise with the statutes of the several states of the Union, if the latter should impair the function of the bankruptcy act in the protection of creditors and the relief of debtors to such an extent as to defeat the purposes of the act.

The statute now under consideration was enacted (1931) with a knowledge of this principle and its implications. It follows that, in reading the statute for the ascertainment of the legislative intention, it must be assumed that the legislative mind did not intend to create a futile conflict. So a construction which would give effect to the statute without any impairment of the operation of a discharge under the bankruptcy act must be presumed to have been the purpose of the General Assembly, since there is no unequivocal expression of a different intention. It thus becomes the duty of the court to avoid the introduction of conflict where none was contemplated.

The statutory definition of a "discharge" is "the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted" by the statute. Bankruptcy Act, secs. 1 (12), 17 (11 U. S. C. A. secs. 1 (12), 35). The judgment here involved is accepted as not within the exceptions. So, the act applies and the discharge granted to the bankrupt is in fulfillment of the

statutory purpose to convert the assets of the bankrupt into money for distribution among creditors, and then to relieve the honest debtor from the weight of oppressive indebtedness, in order to enable him thereafter to begin afresh free from the obligations and liabilities which had become heavier than he could discharge. *Williams v. United States Fidelity Co.*, 236 U. S. 549, 554-557, 35 S. Ct. 289, 59 L. Ed. 713, 716, 717. The restoration of the bankrupt to business activity in the interest of his family and the general public is the most important purpose of the act. The discharge is therefore, available as a plea in bar to an action on the debt or as a bar to any other remedy which the creditor might have previously had to enforce payment. 23 *C. J.*, sec. 420, p. 538; section 37, p. 323; *Raynes v. Jones,* 9 M. & W. 104, 152 Eng. Repr. 45. In order to give effect to the discharge, a court, on application, will, if the circumstances make it proper, grant a perpetual stay of execution on a judgment against a discharged bankrupt. *Kendrick & Roberts v. Warren Bros. Co.,* 110 Md. 47, 72-74, 72 A. 461; See *Crocker v. Bergh,* 118 Minn. 316, 318, 136 N. W. 737; *Barnes Mfg. Co. v. Norden,* 67 N. J. Law, 493, 51 A. 454.

It is quite true that the effect of a discharge in bankruptcy does not amount to payment of debts. The obligation to pay, however, is at an end, but a moral duty to pay them remains; and this moral duty is sufficient to supply the consideration for a promise to pay that will become a new and binding obligation on the promisor. *Old Town Bank v. Parker,* 121 Md. 61, 63, 64, 87 A. 1105; *Citizens' Loan Assn. v. Boston etc. R.,* 196 Mass. 528, 82 N. E. 696; *Lawrence v. Harrington,* 122 N. Y. 408, 414, 25 N. E. 406. In like manner, the defendant may waive his discharge by a failure to interpose it as a bar to an attachment or execution issued on a judgment obtained against him four months before his adjudication as a bankrupt, and the lien sought to be so acquired would, if the writ should prevail, be subsequent in time to September 4th, 1935, the date of the discharge in

bankruptcy. *Griffith v. Adams*, 95 Md. 170, 176, 52 A. 66; *Ressmeyer v. Norwood*, 117 Md. 320, 334, 83 A. 347.

It thus appears that, so far as the present judgment is concerned, the order of discharge is in force as "the *release*" of the bankrupt from the operation of that judgment as a *debt* beyond the power of the creditor to affect. It is only by the grace of the debtor, through either a new contract or by waiver of the bar of the discharge, that the creditor may recover or enforce the discharged debt.

With these subsisting legal relations and their ensuing results kept in mind, it is clear that the purpose of the bankruptcy act is frustrated by the provisions of section 187B of article 56, if the release of the bankrupt of all indebtedness under the judgment mentioned is not a stay, satisfaction, or discharge of the judgment *in personam* within the meaning of article 56. If this were not the intention of the General Assembly, an irreconcilable conflict would arise between the federal and the state enactments, as will appear from these further considerations.

The judgment recovered against the operator is not brought to the knowledge and attention of the commissioner, after it has remained unsatisfied for the specified thirty days, by any official charged with that duty. It is "upon request of the judgment creditor," and not before, that a copy or transcript of the judgment is to be forwarded by the clerk of the court, or the court, where there is no clerk. On the creditor's initiative depends the commissioner's action. The creditor. who cannot enforce the debt because of the discharge in bankruptcy, is given, so the argument runs, the power to coerce its payment in whole or in part. The coercion is applied by the suspension of the operator's license, notwithstanding, so far as the statute is concerned, the judgment against him may have been caused by the imputed negligence of his servant. As the judgment is for $10,000, the suspension remains in effect until $5,000 has been credited on the judgment by the creditor, but such credits are declared to be a satisfaction for the purpose of relieving the suspension.

Again, the judgment debtor may apply, as in the section specified, to the court in which the judgment was obtained, for the privilege of paying the judgment in installments, "and the court, in its discretion and without prejudice to any other legal remedies which the judgment creditor may have, may so order, fixing the amounts and times of payment of the installments." Other regulatory provisions follow looking to the granting by the Commissioner of a conditional permission to use the license while the installments are being paid. These provisions demonstrate that it was not the intention of the Legislature to apply the law to judgment debtors who had been discharged in bankruptcy. Section 187B.

In New York the statute (Vehicle and Traffic Law [Consol. Laws, c. 71] sec. 94-b) contains the express declaration that the license shall remain suspended until the judgment is satisfied "except by a discharge in bankruptcy". In the case of *In re Perkins*, 3 Fed. Supp. 697 (D. C. N. D. N. Y. 1933), a bill was filed in the Federal District Court to enjoin the defendant from proceeding under the statute, and it was held that, in denying to the plaintiff the full effect of his discharge in bankruptcy, the statute was invalid. The same statute was again before another Federal District Court of New York (S. D.) in the case of *Munz v. Harnett*, 6 Fed. Supp. 158 (Dec. 20th, 1933). The court there held the statute valid, N. Y. Vehicle & Traffic Law (1930) sec. 94-b.

These two decisions of intermediate federal courts are in conflict over the validity of the New York statute, which, while similar to the Maryland statute in most particulars, differs with it in the material provision which expressly excepts a discharge in bankruptcy from being a satisfaction or discharge of the judgment. The difference of the statutes of New York and Maryland in this vital matter makes the conflict of decision in the Federal District Courts immaterial. The wording of the New York statute does, however, emphasize the necessity for the exception, which the latter Maryland statute significantly omits, if a discharge in bankruptcy is not to be a

discharge or satisfaction within the meaning of the act. See notes on federal cases in 43 Yale Law Journal, 344, 345, and 47 Harvard Law Review, 870, 871.

The petitioner in the present case is prepared to comply with the statute in respect to giving proof of his ability to respond in damages for future accidents. So, the purpose of having the operation of automobiles restricted to those who are financially responsible is accomplished by a compliance with the terms of the act in that regard.

It should be stated that the court has confined its decision to the point here argued. No opinion is expressed with regard to the validity of other provisions of sections 187 to 187Q of article 56. Compare 5 *Am. Jur., Automobiles,* sec. 158, p. 593; 71 *A. L. R.* 616; *In re Lindley* (1930) 108 Cal. App. 258, 291 P. 638; *In re Opinion of the Justices* (1925) 251 Mass. 617, 147 N. E. 680.

On the single question before it, the court is of the opinion that the petitioner is entitled to the writ, and the judgment on demurrer is

*Reversed with costs to the appellant, and cause remanded for issuance of the writ.*