## Rineer v. Boardman, Secretary of Revenue

28

*Charles W. Eaby*, for petitioner.

*George W. Keitel*, Deputy Attorney General, for respondent.

WICKERSHAM, J., January 5, 1938.—This case comes before us on petition of plaintiff praying that a writ of mandamus issue against the Secretary of Revenue of the Commonwealth of Pennsylvania commanding him to restore plaintiff's privilege or license to operate an automobile by lifting or ending suspension of said privilege or license.

It appears from the petition of plaintiff that the Secretary of Revenue issued to him a 1937 motor vehicle operator's license effective from March 1, 1937, to March 1, 1938; that on March 29, 1937, in the Court of Common Pleas of Lancaster County, Pa., Bernice Scott, by her father and next friend, obtained a judgment for $264.67 against plaintiff, the verdict being rendered March 2, 1937, from which no appeal was taken, and on which no motion or rule is now pending; that on March 19, 1937, plaintiff was adjudicated by the District Court of the United States a voluntary bankrupt, and in the schedule of debts plaintiff listed said judgment of $264.67; that plaintiffs in said judgment were duly notified of the bankruptcy proceedings; that on May 28, 1937, plaintiff was duly discharged as a voluntary bankrupt by said District Court of the United States; that on May 25, 1937, de-

fendant indefinitely suspended the motor vehicle operator's license of plaintiff by virtue of section 11 of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, because plaintiff failed to file proof of financial responsibility and submit documentary evidence of the satisfaction of the aforesaid judgment; that on July 12, 1937, plaintiff filed with defendant proof of financial responsibility as required by law, in the nature of a policy of insurance which defendant refused to accept because it was not accompanied with proof that said judgment had been satisfied; that defendant has refused to restore said license of plaintiff and has refused to lift said suspension, to which plaintiff claims he is legally entitled. Claiming that defendant has unlawfully deprived plaintiff of his operator's license or privilege, plaintiff requests this court to find: (*a*) That the discharge in bankruptcy is documentary evidence that the aforesaid judgment has been satisfied; (*b*) that a portion of section 11 of the Act of 1933, supra, is unconstitutional because the satisfaction of a judgment and the submitting of documentary evidence of said satisfaction are not expressed or included in the title of the act; and (*c*) that the word "and" should be read "or" in said section 11, so that either the furnishing of financial responsibility or proof of satisfaction of a judgment would entitle the applicant to a restoration of his license. Plaintiff therefore prays the court to award a writ of mandamus in the alternative form against defendant, or compel or command him to restore said privilege or license of plaintiff by lifting or ending the suspension as hereinbefore set forth.

Upon the presentation of this petition a writ of mandamus in the alternative form was issued. The Attorney General filed his motion to quash the writ for reasons therein set forth.

### Discussion

Plaintiff does not contend that the suspension of his operator's license was illegal. He does contend that de-

fendant refused to restore his license after the Act of 1933 had been complied with on July 12, 1937, when defendant refused to accept the proof of financial responsibility filed by plaintiff and refused to restore his license. In support of this contention plaintiff pleads his discharge in bankruptcy as a bar to the action of defendant, relying on the case of In re Perkins, 3 Fed. Supp. 697, in which the Northern Division of the District Court of New York held that the financial responsibility act of that State, which is similar to ours, could not restrict the effect of a discharge in bankruptcy. Munz v. Harnett, etc., 6 Fed. Supp. 158, of the Southern District Court of New York reaches the opposite conclusion. Inasmuch as these authorities are not in accord one with the other, they cannot have much weight with us in moving us to a conclusion.

The title of the Act of 1933 is as follows:

"An Act Relating to the financial responsibility of operators and owners of motor vehicles, and to make uniform the law with reference thereto; requiring operators and owners of automobiles, under certain circumstances, to furnish proof of financial responsibility, as herein defined; providing for the suspension of operators' licenses and motor vehicle registration certificates in certain cases; regulating insurance policies which may be accepted as proof of financial responsibility; imposing duties upon the Secretary of Revenue, the State Treasurer, and prothonotaries; and prescribing penalties."

Section 11 of the act provides, inter alia:

"If, within fifteen days after it becomes final, any person fails to satisfy any judgment rendered against him by a court of competent jurisdiction in this or any other State . . . for damages on account of personal injury, or of damage to property, in excess of . . . ($200), resulting from the operation, subsequent to the effective date of this act, by him, his agent or any other person with his express or implied consent, of a motor vehicle owned by him, or the operation by him or his agent of a motor ve-

hicle not owned by him, his operator's license and all of his registration certificates shall be forthwith suspended by the secretary upon receiving a certified copy of such final judgment from the court in which the same was rendered, and shall remain suspended and shall not be renewed, nor shall any other motor vehicle be thereafter registered in his name, while such judgment remains unsatisfied and subsisting and until he has furnished proof of financial responsibility for future accidents."

We are at a loss to understand plaintiff's contention that the title of the act says nothing about the satisfaction of a judgment as being a prerequisite to the restoration of an operator's license. We think the title is broad enough to cover and support section 11 of the act. That the title of an act need not be an index to the contents of an act does not require the citation of authorities. To contend, as claimed by plaintiff, that the title prescribes one prerequisite, to wit: Furnish proof of financial responsibility, while the body of the act provides another, to wit: Satisfaction of the judgment and proof of responsibility, does not raise a question as to conflict between the section of the act quoted and the title; therefore we do not follow the contention of plaintiff as above stated. We think the title of the act is sufficiently specific to give notice of the contents thereof.

We think the legislature had plenary power over the highways of the State. This right is inherent upon the police power of the State, and the legislature has the power to regulate the manner and circumstances under which, and by whom, automobiles may be operated upon its highways. The privilege to operate a motor vehicle upon the highways is not embraced within the term civil rights, nor is a license to do so a contract or a right of property in any legal or constitutional sense, and the enforcement of reasonable regulations by revocation or suspension of the privilege is not the taking of property without due process of law: Commonwealth v. Funk, 323 Pa. 390.

The Act of 1933 has been amended by the Act of June 25, 1937, P. L. 2097. The said Act of 1933, prior to its amendment, provided the authority upon which the Secretary of Revenue based his power to suspend the license of plaintiff, namely, that a judgment had been entered against plaintiff in the sum of $264.67 which remained and still remains unsatisfied; and that plaintiff has not satisfied said judgment within the meaning of the act.

The act supplies the following relief to an applicant having a judgment entered against him, as follows:

". . . after such person has satisfied such judgment within the meaning of this act and has furnished proof of financial responsibility".

As we have stated, no such proof has been furnished by plaintiff. All we have is the fact that he has gone into bankruptcy and has received his final discharge. We think this is not sufficient. Section 12 of the act sets forth what is to be deemed satisfaction of a judgment as follows:

"(a) When a judgment has been paid in full, or when five thousand dollars ($5000) has been credited upon any judgment or judgments rendered in excess of that amount for personal injury to or the death of one person as the result of any one accident; or

"(b) When a judgment has been paid in full, or when, subject to the limit of five thousand dollors ($5000) for each person, the sum of ten thousand dollars ($10,000) has been credited upon any judgment or judgments rendered in excess of that amount for personal injury to or death of more than one person as the result of any one accident; or

"(c) When a judgment has been paid in full, or when one thousand dollars ($1000) has been credited upon any judgment or judgments rendered in excess of that amount for damage to property as the result of any one accident."

We think section 12 provides for every instance wherein a judgment may be deemed satisfied within the

provisions of the act. It must be observed that in each paragraph this section requires the judgment to be paid in full or up to certain specified amounts, and nothing is suggested concerning a discharge in bankruptcy. We are not impressed, therefore, with the suggestion that a discharge in bankruptcy is satisfaction. We think it is not satisfaction. The Act of 1933 sets up what shall be deemed satisfaction of a judgment for the purpose of the law. Only partial payment or payment in full is contemplated by the law. Section 12 leaves no room for further conjecture.

The limits for partial payment of $5,000 or $10,000 where judgments for personal injuries or death of one or more persons exceed that amount, and for $1,000 where judgments for property damage exceed that amount, are wisely included within this law in order that it will not be impossible for every motorist to protect himself against the permanent loss of his license due to an unfortunate accident and subsequent inability to pay an exorbitant judgment. We think it is quite clear under section 12 of the act that only partial payment or payment in full can be deemed satisfaction of a judgment under this act. Furthermore, the maxim, "Expressio unius est exclusio alterius", has been adopted generally as a rule of statutory construction. As applied to the present case, this maxim would show that the legislature, in expressing what is to be deemed satisfaction in section 12, has excluded any such other means as a discharge in bankruptcy. This maxim has been used many times in Pennsylvania: 25 C. J. 220, and citations p. 222. We are of opinion that a discharge in bankruptcy is not satisfaction within the meaning of the Act of 1933.

Referring now to the terms "satisfy", "satisfied", or "satisfaction", the Supreme Court has made some interesting statements concerning what is meant by these terms. In Meigs et al. v. Bunting et al., 141 Pa. 233, 239, the question arose as to whether a satisfaction of a mort-

gage could be presumed to be satisfaction of a judgment for the same debt. We quote from the opinion of Mr. Justice Mitchell:

"A bond and mortgage are distinct and separate securities, though for the same debt. As against the rights of third parties, payment in fact of either extinguishes the debt, and therefore satisfies the other. . . . And, even beween the parties, the two securities are so far parts of the same transaction that the satisfaction of one is presumed to be payment of the debt and therefore to include the satisfaction of the other, and the burden of proof is on the creditor to show the contrary. But this result depends on the intention of the parties. The presumption therefore is rebuttable, and satisfaction of one security will not in fact be satisfaction of the other, unless the parties so intend, or the debt be actually paid".

And in Erie City v. Piece of Land et al., 308 Pa. 454, 457, it was held that when the claim is paid it is satisfied and no further proceeding may be had therein.

The practical result of a discharge in bankruptcy is that the judgment creditor is prevented from suing on his judgment or levying execution thereunder. Although certain courts refer to such a judgment as "extinguished", nevertheless the debt remains sufficiently alive to constitute the prima facie basis for a suit. A discharge in bankruptcy must be specifically pleaded: Longacre v. Myers, 1 W. N. C. 109, and other cases to which reference might be made. The moral obligation of a debtor to pay a pre-existing debt discharged in bankruptcy is sufficient consideration to support an express promise to pay it: Hobough, etc., v. Murphy, 114 Pa. 358, and many other cases to which reference might be made. But when a judgment has been satisfied in the statutory sense, there is no so-called moral obligation of the debtor remaining.

The said Act of 1933 is a valid exercise of the Pennsylvania police power. We think the power of the legislature to enact such a law cannot be questioned. The Supreme Court has upheld, in principle, the power of a gov-

ernmental subdivision to require a bond to secure the payment of damages which might result to persons or property from the negligent operation of jitneys on the public streets. In Jitney Bus Association of Wilkes-Barre v. City of Wilkes-Barre, 256 Pa. 462, 468, the constitutionality of a city ordinance requiring such a bond was challenged. The Supreme Court decided certain provisions in the particular ordinance were unreasonable and unenforcible nevertheless the ordinance; in principle was held to be a reasonable regulation. The plenary power of the legislature over the highways of this Commonwealth has been upheld by the Supreme Court in no uncertain terms: Commonwealth v. Funk, supra, in which case the court decided that the license to operate a motor vehicle in Pennsylvania is a mere privilege and not a property right, and that its enjoyment depends upon compliance with the conditions upon which it has been granted, and is subject to such regulation and control by the Commonwealth as it sees fit.

The constitutionality of the "Financial Responsibility Law" as the act under consideration has been termed, has been uniformly upheld in California: Watson v. Division of Motor Vehicles of the State of California et al., 212 Cal. 279, 298 Pac. 481, 482; Opinion of the Justices, etc., 251 Mass. 617, 147 N. E. 680; Garford Trucking, Inc., etc., v. Hoffman, etc., 114 N. J. L. 522, 177 Atl. 882; Opinion of the Justices, 81 N. H. 566, 129 Atl. 117; State ex rel. v. Price et al. (Ariz. 1937), 63 P.(2d) 653; In re Perkins, supra; Ellis v. Rudy, Commissioner of Motor Vehicles, 171 Md. 280, 189 Atl. 281; and in various opinions of the attorneys general of the several States.

We are of opinion, therefore, that a discharge in bankruptcy cannot be termed satisfaction of a judgment under the "Financial Responsibility Law". Furthermore, in view of the numerous decisions in other States upholding the validity of this type of legislation, we think the constitutionality of the Pennsylvania act cannot be seriously questioned. We are also of opinion there is no basis for

plaintiff's contention that the title of the act is defective. For the reasons herein given we are of opinion that the writ of mandamus in the alternative form heretofore issued must be quashed.

We have examined the brief of counsel for plaintiff and find nothing therein which moves us to alter the conclusion we have reached.

And now, January 5, 1938, it is ordered, adjudged, and decreed that the writ of mandamus in the alternative form heretofore issued in this case must be and is quashed. Costs to be paid by plaintiff.