The Honorable Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles
QUESTIONS:
1. Does a discharge in bankruptcy relieve an uninsured motorist from the requirements of the financial responsibility law where the driving and registration privileges of such person have been suspended pursuant to the provisions of s. 324.121, F.S.?
2. Does a discharge in bankruptcy relieve an uninsured motorist from the requirements of the financial responsibility law where the driving or registration privileges of such person have been suspended pursuant to the provisions of s. 324.051(2)(a), F.S.?
 a. Following suspension pursuant to s. 324.051, F.S., and before expiration of one year, what is the effect of receipt of a discharge in bankruptcy in light of the provisions of s. 324.051(2)(a)7.?
 b. What is the effect of a discharge in bankruptcy received by the department at a hearing authorized by s. 324.051(2)(a), F.S. (Rule 15A-3.02, F.A.C.), for a suspension under that provision when the hearing is held (1) before the effective date of suspension, (2) following the effective date of suspension?
 a. Equal, for purposes of s. 324.051(2)(a)4., a judgment of nonliability by a court of competent jurisdiction; or
SUMMARY:
Although a discharge in bankruptcy operates to stay collection of a judgment arising out of an automobile accident and bars its enforcement, the discharge does not:
 1. Relieve an uninsured motorist from the provisions of ss. 324.121 and 324.131, F.S., regarding future financial responsibility;
 2. Relieve an uninsured motorist from the provisions of s. 324.051(2)(a), F.S., regarding future financial responsibility;
 b. Relieve suspension of driving privileges under under s. 324.051(2)(a), F.S., regardless of whether the hearing is held prior or subsequent to the discharge.
You state that your request is necessitated by the enactment of Public Law 95-598, November 6, 1978, codified as Section 525 of the 1978 Bankruptcy Code and its effect on a prior opinion of this office, AGO 059-200, October 5, 1959.
AS TO QUESTION 1:
Section 324.121, F.S., provides that upon receipt of a certified copy of a judgment as provided in s. 324.111, F.S. (which requires that the clerk of the circuit court, upon written request of the judgment creditor or his attorney, forward to the department a certified copy of a judgment not satisfied within 30 days), the department `shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this section, and in s. 324.141' (installment payments).
Section 525 of the 1978 Bankruptcy Code in pertinent part provides:
 `a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.'
Notes of Committee on the Judiciary, Senate Report No. 95-989 and the House Report No. 95-595, reflect that the reason for the insertion of s. 525 into the 1978 revision of the Bankruptcy Code was to provide additional protection for debtors and to codify a decision reached by the United States Supreme Court under the former Code — Perez v. Campbell, 402 U.S. 637 (1971). In Perez, the Court had held that a provision within the Arizona Financial Responsibility Law which specifically prevented a discharge in bankruptcy from having any effect on an unsatisfied automobile accident tort judgment violated the Supremacy Clause in that it frustrated Congressional intent to provide a fresh start for debtors.
The thrust of s. 525 is to prohibit governmental units from discriminating against persons solely on the basis of bankruptcy; the section does not prevent use of other factors or statutory provisions affecting all persons within a particular classification, but as future financial responsibility or ability which apply to all motor vehicle owners or operators.
The Florida Financial Responsibility Law affects all persons operating motor vehicles on public streets and highways within the State. As noted above, s. 324.121 of the law provides for suspension of driving privileges of persons failing to satisfy judgments arising from automobile accidents within the purview of the statute, and s. 324.131 inhibits the renewal of such suspended licenses and registrations until such judgments are stayed, satisfied in full, or to the extent of the limits specified in s.324.021(7). Your first question then is whether s. 525 can relieve drivers who have been adjudicated bankrupt from the provisions of ss. 324.121 and 324.131, F.S.
In a prior opinion of this office, AGO 059-200, your first question was answered in the negative. A discharge in bankruptcy was found not to relieve a judgment debtor from complying with the requirements of the Financial Responsibility Law because of the requirements of s. 324.131, F.S.: `. . . until the said person gives proof of financial responsibility as provided in s. 324.031. . . .' According to that opinion, although a discharge in bankruptcy operates as a stay of judgment and a bar to the enforcement thereof, a bankrupt debtor is still bound by the reinstatement provisions of s. 324.131 which require proof of future financial responsibility in order to regain driving privileges.
In reading ss. 324.121 and 324.131, F.S. in conjunction with the revised Bankruptcy Code, there is no question but that where provisions of the financial responsibility law conflict with provisions of the Code, the former must fall to the latter by virtue of the Supremacy Clause. Perez, supra; Weaver v. O'Grady,350 F. Supp. 403 (S.D.Ohio 1972). In enacting the Florida Financial Responsibility Law, the Legislature may be presumed to have been aware of the effects of a discharge in bankruptcy and the Supremacy Clause. It does not follow that the Legislature would have intentionally enacted statutory provisions contrary to the Bankruptcy Code provisions and created, what the Maryland Court of Appeals termed in a similar case, a `futile conflict' between the financial responsibility law and the Bankruptcy Code. Ellis v. Rudy, 189 A. 281 (C.A. Md. 1937). Furthermore, it is well settled that a statute found on statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193, 196
(Fla. 1938). Therefore, insofar as no conflicts exist between the provisions of the financial responsibility law and the Bankruptcy Code, the requirements of ss. 324.121 and 324.131 relating to giving proof of future financial responsibility as provided in s.324.031 must be met by all persons — including those discharged in bankruptcy. There is no discrimination against bankrupts inherent in requiring bankrupt motorists to present proof of future financial responsibility on the same basis as all other motorists under ss. 324.121 and 324.131, F.S.
Revision of the Bankruptcy Code has not changed the prior opinion of this office; the answer to your first question is again in the negative.
AS TO QUESTION 2:
Section 324.051(2)(a), F.S. provides that within 30 days of receipt of an accident report as defined in s. 324.051(1), the department shall suspend, after due notice and hearing, the license of each operator and all registrations of the owner of the vehicles operated by such operator whether or not involved in such accident unless such operator or owner is exempted under s.324.051(2)(a)1.-7., or excepted from the operation of subsection (2) by s. 324.051(2)(b)1.-5. Because suspension of driving privileges under s. 324.051(2)(a) is based on the specified damages caused by an accident and embodied in a written accident report rather than from any tort judgment arising out of or resulting from the accident, a discharge in bankruptcy has no real bearing on the suspension.
You have drawn my attention to s. 324.051(2)(a)4. regarding an adjudication of non-liability, and have questioned whether a discharge in bankruptcy, for purposes of this section, is the equivalent of a judgment of non-liability by a court of competent jurisdiction. Section 324.051(2)(a)4. exempts from suspension an operator or owner `finally adjudicated not to be liable for damages by a civil court of competent jurisdiction.' From my review of liability as judicially defined and the Bankruptcy Code provisions, a discharge in bankruptcy has an effect only on judgments resulting in liability.
`Liability for Damages', as defined by Black's Law Dictionary 1059-1060 (Rev. 4th ed. 1968) is liability for an amount to be ascertained by trial of the facts in particular cases. Conversely, to be found not liable for damages is indicative of no enforceable obligation arising from trial of the facts in a particular case. (See Forms 1.991 and 1.994 regarding Rule 1.900, Florida Rules of Civil Procedure, for examples of a final judgment of non-liability for a defendant). In accordance with s. 524 of the 1978 Bankruptcy Code, a discharge in bankruptcy bars collection of a judgment where the judgment is a determination of the personal liability of the debtor by the trier of facts. In short, where liability has been proven and a judgment obtained, discharge will stay collection; where there has been no judgment of liability, a discharge in bankruptcy can have no real effect. The answer to your second question is also in the negative.
In Questions 2(a) and 2(b) you have drawn my attention also to the provisions of s. 324.051(2)(a)7., F.S. and to s. 321.051(2)(a) regarding hearings, and have questioned whether a discharge in bankruptcy has an effect on either of these procedures.
In response to Question 2(a), it is clear that s. 324.051(2)(a)7. refers to situations where no complaint is filed within a year for damages arising out of an automobile accident. Because a discharge in bankruptcy can have an effect only on judgments resulting in liability after the filing of a complaint in a court of competent jurisdiction, a discharge cannot come into play where a complaint is not filed, thus a discharge has no effect on this section.
In response to Question 2(b) regarding hearings held pursuant to s. 324.051(2)(a), a discharge in bankruptcy has no bearing on the hearings because suspension of license or registration under this section turns on the damages and/or injuries caused by the accident and reflected in the accident report, and not on any ability of the owner or operator to pay damages.
Prepared by: Susan Tully, Assistant Attorney General